UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT CURRY** | : |
| Plaintiff, | : Civil Action No. 17-2331 |
| vs. | : |
| **UNITED PARCEL SERVICE, INC** | : |
| AND | : |
| **TEAMSTERS LOCAL 623** | : |
| Defendants, | : |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 623's MOTION TO DISMISS

Defendant International Brotherhood of Teamsters Local 623 ("Union" "Local 623"), by its counsel, hereby moves the Court to dismiss WITH PREJUDICE all allegations of Plaintiff Robert Curry, against the Union pursuant to Fed.R. Civ.P. 12(b)(6) as time-barred and for failure to state a claim.

I. INTRODUCTION AND PROCEDURAL HISTORY

Robert Curry was an employee of United Parcel Service ("UPS," "Employer," "Company"), and was terminated by the Company on April 22, 2015. Curry was a member of Teamsters Local 623, and filed a grievance, contesting the termination as lacking just cause. Local 623 pursued the grievance on Curry's behalf, taking the case to a joint grievance

committee (the equivalent of arbitration) for resolution. The grievance was denied on May 20, 2015.[1]

On August 15, 2016, fifteen months after Curry's grievance was denied, he filed a Complaint (Civ. No 16-4482) alleging that UPS breached the Collective Bargaining Agreement ("CBA") between the Employer and the Union because his termination lacked just cause, and that Local 623 breached its duty of fair representation in representing Mr. Curry in the grievance process. Curry also pled counts of retaliation and wrongful discharge. [2]

After Motions to Dismiss were filed, Curry was permitted to amend the complaint to allege only a breach of contract/breach of the duty of fair representation. In ECF 37, which was filed by Curry in the prior case, Plaintiff admitted that the complaint was filed out-of-time under applicable precedent, but argued that this Court should ignore federal labor law and proceed under a state-law allegation of wrongful termination. However, notably, Plaintiff had dropped the wrongful termination count when he amended the complaint. Perhaps realizing this, and while Motions to Dismiss were pending, Plaintiff voluntarily dismissed his complaint, refiling a *nearly identical* complaint in the Philadelphia Court of Common Pleas alleging "wrongful discharge" under the just cause provision of the CBA.

The complaint in the state court case was filed on May 1, 2017 but it was not served on Local 623 until May 30, 2017.[3,4] Local 623 learned that the complaint had been filed before service was made, because it received notice from the Court of Common Pleas of a case management conference. Upon reviewing the complaint, and noting that it was a hybrid 301 case, Local 623 immediately filed a Notice of Removal.

---

[1] After the joint grievance committee rules in discharge cases, there are no further appeals.
[2] The CBA is appended hereto as Exhibit A.
[3] The affidavit of service of the complaint on May 30, 2017 is appended hereto as Exhibit B.
[4] Curry filed a *Praecipe to Issue a Writ of Summons* in the Philadelphia Court of Common Pleas in February 2017.

As a hybrid Section 301 action, Curry's case is completely preempted under federal labor law. Moreover, a complainant only has six months to file such a complaint, and it was therefore filed well beyond the statute of limitations.

## II. FACTUAL BACKGROUND[5]

The Employer and Union are parties to a collective bargaining agreement. (Complaint ¶ 60). In or around 1996, Plaintiff became employed by Defendant Employer UPS as a package driver. (Complaint ¶ 4).

Local 623 is a labor organization under the provisions of the National Labor Relations Act, as it is an organization in which "employees participate and which exists for the purpose…of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." (29 U.S.C. § 152(5); see Complaint ¶¶ 3).[6]

On or about April 22, 2015, Plaintiff was called into a meeting at work with UPS Manager John Fiorentino and questioned. (Complaint ¶ 33, Complaint Exhibit A (Termination letter states that Fiorentino is the UPS Feeder Manager)). Plaintiff was terminated by UPS at the conclusion of the meeting. (Complaint ¶ 36). A grievance was filed by Local 623 pursuant to the collective bargaining agreement, contesting the termination. (Complaint ¶ 39; Complaint Exhibit B). A meeting was held on May 1; the grievance was denied and an official discharge notice was issued. (Complaint ¶ 40; Complaint Exhibit A).

On May 14, 2015, Plaintiff was formally notified that a grievance committee would convene on May 19-20, 2015, to hear the Union's grievance for the Plaintiff regarding his

---

[5] Defendant Union admits only for the limited purposes of this Memorandum that the facts averred in the Complaint are true.

[6] A labor organization is not an employer, pursuant to the National Labor Relations Act. "The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include …any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152(2). As such the Union does not hire or fire employees. Only employers hire and fire employees.

3

termination. (Complaint ¶ 47; Complaint Exhibit E). The Union's grievance contended that Plaintiff should not have been terminated and asked that he be reinstated. (Complaint Exhibit B). Plaintiff attended the meeting. (Complaint ¶ 51). Bill Morris, President of Teamsters Local 623, presented the case on behalf of the grievant Curry. He submitted the Union's brief to the committee and he responded to the Employer's arguments. (Complaint ¶ 49; Complaint Exhibit F). By letter dated May 20, 2015, the committee upheld the Plaintiff's termination, notwithstanding Morris's position at the hearing. (Complaint ¶ 53; Complaint Exhibit I). Plaintiff admits that he received a written copy of the decision within several months of it being issued. (Complaint ¶ 53).

In pleading wrongful discharge, Plaintiff acknowledges that he was not an at-will employee. (Complaint ¶ 61). He further acknowledges that under the terms of the CBA, he could only be terminated by UPS for cause. (Complaint ¶ 62). Curry claims that he was not discharged for cause. (Complaint ¶ 61). Further, and notably, he pleads a violation of the CBA, stating, "…Defendants breached the Collective Bargaining Agreement when they fired Plaintiff without just and/or proper cause…" (Complaint ¶ 67).

## III. ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

In deciding a motion to dismiss the Court must accept all well-pleaded allegations in the Complaint as true, and view them in the light most favorable to the Plaintiff. Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). The Court will grant a motion to dismiss where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), courts look only to the

facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). Courts must accept as true all *well-pleaded allegations* in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985)(emphasis added). The Court is not required to "credit bald assertions or legal conclusions improperly alleged in the Complaint." In Re: Rockefeller Ctr. Props., Inc Sec Litig., 311 F.3d 198, 216 (3d Cir. 2002). The question is whether the Plaintiff can prove any set of facts in support of his claim that entitles him to relief. If he cannot, then the motion to dismiss should be granted. Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 195-96 (3d Cir. 2000).

In reviewing a motion to dismiss courts must conduct a two part analysis of a plaintiff's complaint, whereby legal conclusions are disregarded and well-pleaded facts are accepted:

> 1. [T]he factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions; and
> 2. [A] District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.
>
> [Mitich v. Lehigh Valley Rest. Grp., Inc., No. CIV.A. 12-3825, 2012 WL 6209957, at *3 (E.D. Pa. Dec. 12, 2012); Ashcroft v. Iqbal, 6 U.S. 662 (2009).]

Here, based on the well-pleaded facts alleged by Plaintiff, the Plaintiff's claim fails to properly plead a claim upon which the Court may grant relief against Local 623.

### B. CURRY'S CLAIM OF WRONGFUL TERMNATION IS COMPLETELY PREEMPTED BY SECTION 301

Curry's case should be in federal court. Section 301 of the LMRA confers subject matter-jurisdiction to federal courts over suits alleging violations of a collective bargaining agreement. Allis-Chalmers Corp v. Lueck, 471 U.S. 202, 220 (1985). Curry's claim is preempted by federal

labor law because resolution of the claim requires interpretation of the CBA. When the resolution of a state law claim requires one to interpret the terms of a Collective Bargaining Agreement, then that claim must be treated as a § 301 claim under the LMRA or preempted by federal labor law. See 29 U.S.C. § 185.[7]

Section 301 has been interpreted by the Supreme Court to authorize the federal courts to develop a body of federal common law to resolve disputes arising from labor contracts. Textile Workers v. Lincoln Mills, 353 U.S. 448 (1957). Further, Section 301 requires courts interpreting collective bargaining agreements to apply this federal law. Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962). In Lueck, the Court said that "when resolution of a state law claim is substantially dependent on an analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law." Lueck, 471 U.S. at 220. In Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, the Court held that state law claims are completely preempted by Section 301 when resolution of such claims requires the interpretation of a CBA. Lingle, 486 U.S. at 413.

The Court reasoned that differing interpretations of labor agreements by both state and federal courts "tend to stimulate and prolong disputes…Indeed, the existence of possibly conflicting legal concepts might substantially impede the parties' willingness to agree to contract terms providing for final arbitral or judicial resolution of disputes." Lucas Flour, 369 U.S. at 103–04. The Court explained that "interpretation of collective-bargaining agreements remains firmly in the arbitral realm; judges can determine questions of state law involving labor-

---

[7] Section 301 of the LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

management relations only if such questions *do not require construing collective-bargaining agreements*." Lingle, 486 U.S. at 411 (emphasis added). It is axiomatic that

> [u]nless preemption is given effect, the "federal right to decide who is to resolve contract disputes will be lost…If that occurs, claims involving vacation or overtime pay, work assignments, unfair discharge-in short, the whole range of disputes traditionally resolved through arbitration-could be brought in the first instance by a complaint in tort rather than in contract.
>
> [Lueck, 471 U.S. at 219-20.

Curry styles his case as one of mere "wrongful discharge" under state law.[8] But he references the CBA throughout his complaint, and even though Local 623 had no involvement in the decision to terminate Curry, Local 623 is sued for violating the duty of fair representation owed to Curry. If this was really a simple "wrongful discharge" the Union would not be a defendant.

### C. UNDER SECTION 301, CURRY'S COMPLAINT IS TIME-BARRED

Section 301 of the LMRA confers subject matter-jurisdiction to federal courts over suits alleging violations of a collective bargaining agreement. Such claims are considered "hybrid" claims in which the plaintiff alleges that his employer breached the CBA and the union breached its duty of fair representation to its members. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983).[9]

To proceed with a Section 301 claim, Plaintiff must first establish that he exhausted his contractual remedies under the applicable CBA; employees must afford their union the opportunity to act on their behalf. Republic Steel v. Maddox, 379 U.S. 650, 653 (1965). Thus, prior to commencing an action alleging breach of a labor contract, "individual employees

---

[8] There is no cause of action for wrongful termination by unionized employees in Pennsylvania. Cifemi v. Day & Zimmerman, Inc., 529 F. App'x 199, 203 (3d Cir.2013).

[9] "The Supreme Court has viewed the hybrid suit as consisting of two independent, albeit related, causes of action, and has stated that [t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." Vadino v. A. Valey Engineers, 903 F.2d 253, 260 (3d Cir. 1990).

7

wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Id. at 652. Exhaustion of exclusive contractual remedies is a necessary prerequisite to a Section 301 action by an employee against his employer for a breach of contract. Vaca v. Sipes, 386 U.S. 171, 184-185 (1967).

While Section 301 does not expressly set forth a statute of limitations, in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to all Section 301 hybrid lawsuits by employees against an employer and a union. This six-month statute of limitations begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Stokes v. Local 116 of Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, No. CIV. A. 92-3131, 1993 WL 23895, at *6 (E.D. Pa. 1993). In the instant case the 6-month statute of limitations began to run when Curry learned that the Grievance Committee had denied his grievance.[10] In ECF 37 in Curry's withdrawn federal court case, Curry admitted that the complaint was filed after the expiration of the six months.

Failure to proceed with a Section 301 claim within the six months statute of limitations has consistently been found by the courts to be grounds for dismissal. See Williams v. District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, 1999 U.S. Dist. LEXIS 8823 (E.D. Pa. 1999); Mansley v. Technovation, Inc. and Teamsters Local 158, 1986 U.S. Dist. 21972 (E.D. Pa. 1986).

### D. NO MISCONDUCT BY LOCAL 623 IS ALLEGED

---

[10] The instant Complaint was filed on August 15, 2016. Plaintiff's grievance hearing was held on May 19-20, 2015, and a decision letter was issued on May 20, 2015. See Complaint Exhibits F, I.

Fed. R. Civ. P. 8 (a) (2) requires a plaintiff to plead a short and plain statement of the claim showing that the pleader is entitled to relief. Allegations which are conclusory are not entitled to an assumption of truth and are insufficient to support claims. Wilson v. City of Philadelphia, 415 F. App'x 434, 436 (3d Cir. 2011).

> To survive a motion to dismiss, the complaint must set forth enough facts to state a claim to relief that is plausible on its face. A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.
>
> [Holmes v. Gates, 403 F. App'x 670, 672 (3d Cir. 2010).]

A union has a duty to fairly represent all of its members, both in collective bargaining with an employer and in its enforcement of the resulting collective bargaining agreement (i.e. in the grievance process). Vaca v. Sipes, 386 U.S. 171, 177 (1967). A breach of this duty occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Id. at 190.

Here, the Plaintiff fails to plead specific misconduct by Local 623 in the grievance process which entitles the Plaintiff to relief. He fails to plead any conduct by Local 623 which was *arbitrary* (outside a wide range of reasonableness); *discriminatory* (encompassing only discrimination based on an "invidious" trait such as race, gender, national origin, union membership or internal union politics, that is "intentional, severe, and unrelated to legitimate union objectives) or in bad faith (demonstrated by substantial evidence of fraud, deceitful action or dishonest conduct). See Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 79 (1991);

Breininger v. Sheet Metal Workers Local Union No. 6, 493 U.S. 67, 73-74 (1989); Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Employees v. Lockridge., 403 U.S. 274, 301 (1971). He instead implies bad feelings from two years prior to his termination. His vague insinuation of verbal harassment from unnamed Teamsters leadership and their friends is not at all close in time to Curry's termination, certainly not close enough for a fact-finder to find relatedness. (Complaint ¶ 24 – citing only "verbal harassment").

Here there is no misconduct by Local 623. After UPS terminated Curry, Local 623 filed a grievance. Local 623 wrote a letter in support of Curry. Local 623 attended Curry's grievance panel hearing in support of Curry. Unfortunately, Curry's grievance was denied. Curry fails to plead any facts in his complaint that his entitlement to relief is more than a mere possibility, and for that reason it should be dismissed. See Holmes v. Gates, 403 F. App'x 670, 672–73 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009); Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774, 776 (3d Cir. 2009).

### D. LOCAL 623 HAS FULLY REPRESENTED CURRY IN ARBITRATION UNDER THE CBA

Section 3 of the parties' CBA provides for an Atlantic Area Parcel Grievance Committee ("AAPGC"). By contract, this joint employer-union committee hears grievance disputes under the contract. The AAPGC meets monthly. Curry was invited to attend the AAPGC hearing in which his grievance was considered, and he did in fact attend. (Complaint ¶¶ 47-49). In discharge cases, under subsection G of Section 3 of the CBA, a neutral arbitrator serves as the seventh member of the panel. CBA section 3, subsection E states that the majority decision of the panel is binding on the parties; because *this is an arbitration panel*. Under subsection F neither local, involved officials of the Union or Employer may sit on the Grievance Panel. It is only when there is a deadlocked panel that there is any further arbitration of a grievance, as provided

under Section 4. But given that there are seven members of the panel in discharge cases, there would never be a deadlock in reaching a decision in discharge cases. The AAPGC is the final arbiter of discharge grievances under the CBA. See Teamsters Local Union No. 30 v. Helms Exp. Inc., 591 F.2d 211, 212 (3d Cir. 1979)(court considered the award of a joint union/employer grievance committee an arbitration award). "Joint committee awards are reviewed under the same standards as binding arbitration awards". General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co., Inc., 372 U.S. 517, (1963); Bieski v. Eastern Automobile Forwarding Co., 396 F.2d 32 (3d Cir. 1968).

Consequently, when a final grievance decision is reached, the only "appeal" is litigation – for a party to seek to vacate the arbitration decision in federal court. There is an extremely narrow review by the courts in such cases, with no review of the award on the merits. But more importantly, the Union owes no duty to a grievant to file a complaint to vacate an arbitrator's award in court.[11] See Acevedo v. ILA Local 2062, 174 FS2d 1327 (SDFla. 2001); Shores v. Peabody Coal, 831 F.2d 1382 (CA 7 1984); Bonds v. Coca-Cola, 806 F.2d 1324 (CA 7 1986).

IV. CONCLUSION

For the second time, Plaintiff brings a case before this Court under an expired statute of limitations, claiming that the Union owed him a duty and violated that duty. Curry not only fails to plead any specific misconduct by the Union, but he fails to plead any duty by the Union whatsoever to file a complaint to vacate the award of the AAPGC.

For the reasons set forth above, Defendant Local 623 respectfully submits that Plaintiff's

---

[11] "[T]he basic precepts which govern judicial review of labor arbitration awards: (1) courts have a limited role in reviewing an arbitrator's award; (2) the award will be set aside only if it does not draw its essence from the collective bargaining agreement; and (3) it will not be disturbed unless it can in no rational way be derived from the agreement or unless there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop." Teamsters Local Union No. 30 v. Helms Exp. Inc., 591 F.2d at 215.

Complaint must be dismissed WITH PREJUDICE.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

Date: June 13, 2017       /S/ Neal Goldstein
NEAL GOLDSTEIN
PA Attorney I.D. No. 17589
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2530

      /S/ Lisa Leshinski
LISA LESHINSKI
PA Attorney I.D. No. 201159
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2557

Attorneys for Defendant International
Brotherhood of Teamsters, Local 623