UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC.,<br>TEAMSTERS LOCAL 623,<br><br>　　　　　　Defendants. | Civil Action No. 2:17-cv-02331-GJP |

# **O R D E R**

**AND NOW** this _____ day of _____, 2017, upon consideration of Defendant, United Parcel Service, Inc.'s Opposition to Plaintiff's Motion to Remand and Stay, it is hereby **ORDERED** that the Plaintiff's Motion to Remand and Stay is **DENIED.**

BY THE COURT:

_____
　　　　　　　　　　　　　　　　　J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>    Plaintiff,<br> v.<br><br>UNITED PARCEL SERVICE, INC.,<br>TEAMSTERS LOCAL 623,<br><br>    Defendants. | Civil Action No. 2:17-cv-02331-GJP |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND STAY**

          */s/ Gary M. Tocci*
          Gary M. Tocci, Esq.
          Molly Q. Campbell, Esq.
          Reed Smith LLP
          Three Logan Square
          1717 Arch Street, Suite 3100
          Philadelphia, PA 19103
          P: (215) 851-8100

          *Counsel for Defendant
          United Parcel Service, Inc.*

Dated: July 6, 2017

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 2

II. FACTUAL BACKGROUND ................................................................................. 3

III. PROCEDURAL BACKGROUND ......................................................................... 5

IV. ARGUMENT .......................................................................................................... 6

    A. Standard of Review ..................................................................................... 6

    B. Plaintiff's Claim Is Completely Preempted by the Labor Management Relations Act and Is Within the Exclusive Jurisdiction of this Court .................. 7

        1. UPS Has Demonstrated that Plaintiff's Complaint for Breach of a Collective Bargaining Agreement is Preempted by Section 301 of the LMRA ................................................................................................ 7

        2. Plaintiff's Arguments Cannot Change the Fact That His Claim Depends on the Interpretation of the CBA And Is Therefore Preempted .................... 10

V. CONCLUSION ..................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985) ..................................................................................................... 8

*Angst v. Mack Trucks, Inc.*,
    969 F.2d 1530 (3d Cir. 1992) ....................................................................................... 7

*Beidleman v. Stroh Brewery Co.*,
    182 F.3d 225 (3d Cir. 1999) ......................................................................................... 8

*Breen v. Concrete by Wagner, Inc.*,
    No. 98 C 3611, 1998 WL 513072 (N.D. Ill. Aug. 14, 1998) ...................................... 12

*Carpenter v. Wawa*,
    No. CIV.A. 09-2768, 2009 WL 4756258 (E.D. Pa. Dec. 3, 2009) ........................ 10, 12

*Cephas v. MVM, Inc.*,
    520 F.3d 480 (D.C. Cir. 2008) .................................................................................... 12

*DelCostello v. Int'l Bhd. of Teamsters*,
    462 U.S. 151 (1983) ..................................................................................................... 6

*Durrette v. UGI Corp.*,
    674 F.Supp. 1139 (M.D. Pa. 1987) ............................................................................. 10

*Felice v. Sever*,
    985 F.2d 1221 (3d Cir. 1993) ..................................................................................... 10

*Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern Cal.*,
    463 U.S. 1 (1983) ......................................................................................................... 7

*Furillo v. Dana Corp. Par. Div.*,
    866 F. Supp. 842 (E.D. Pa. 1994) ............................................................................... 10

*Graham v. Quincy Food Servs. Emps. Ass'n*,
    555 N.E. 2d 543 (Mass. 1990) .................................................................................... 12

*Hammond v. Campbell Soup Co.*,
    No. 93 C 4059, 1994 WL 162779 (N.D. Ill. Apr. 22, 1994) ....................................... 12

*Henderson v. Merck & Co.*,
    998 F. Supp. 532 (E.D. Pa. 1998) ................................................................... 9, 10, 11

*Hughes v. United Parcel Serv., Inc.*,
  No. 14–3822, 2015 WL 1021312 (E.D. Pa. Mar. 6, 2015) ........................................................ 8

*Jackson v. Prime Motors, Inc.*,
  No. 11–2360, 2011 WL 1883806 (E.D. Pa. May 18, 2011) ...................................................... 7

*Johnson v. NBC Universal, Inc.*,
  409 F. App'x 529 (3d Cir. 2010) ............................................................................................... 8

*Lewis v. Balt. Convention Ctr.*,
  149 A.3d 1213 (Md. Ct. Spec. App. 2016) ............................................................................. 12

*Lingle v. Norge Div. of Magic Chef, Inc.*,
  486 U.S. 399 (1988) ................................................................................................................. 8

*Roberts v. Spruce Manor Nursing & Rehab. Ctr.*,
  No. 14–CV–4338, 2015 WL 4771020 (E.D. Pa. Aug. 12, 2015) ............................................. 9

*Schultz v. EMR, SPC*,
  No. CIV.A. 14-5683, 2015 WL 746395 (E.D. Pa. Feb. 20, 2015) ........................................... 9

*Shick v. Shirey*,
  716 A.2d 1231 (Pa. 1998) ...................................................................................................... 11

*Sikirica v. Nationwisde Ins. Co.*,
  416 F.3d 214 (3d Cir. 2005) .................................................................................................... 6

*Trans Penn Wax Corp. v. McCandless*,
  50 F.3d 217 (3d Cir. 1995) ...................................................................................................... 6

*United Steelworkers of America, AFL-CIO-CLC v. Rawson*,
  495 U.S. 362 (1990) ................................................................................................................. 8

*Wheeler v. Graco Trucking Corp.*,
  985 F.2d 108 (3d Cir. Pa. 1993) ............................................................................................... 8

*Williams v. District 1199C*,
  No. 99–CV–1425, 1999 WL 391572 (E.D. Pa. June 15, 1999) ............................................. 12

**Statutes**

28 U.S.C. § 1441(a) ........................................................................................................................ 6

Labor Management Relations Act Section 301 ..................................................................... *passim*

LMRA ..................................................................................................................................... 10, 11

LMRA, 29 U.S.C. § 185 ............................................................................................................ 6, 10

Plaintiff's Claim Is Completely Preempted by the Labor Management Relations Act ..................................................................................................................................7

Section 301 ................................................................................................................... *passim*

Weisberg Law ........................................................................................................................14

Workers' Compensation Act ...................................................................................................11

**Other Authorities**

Teamsters, Local Union No. 623 "Local 623" ..........................................................................3

Defendant United Parcel Service, Inc. ("UPS"), by and through its counsel Reed Smith LLP, hereby opposes Plaintiff's Motion to Remand and Stay, and in support thereof respectfully submits this memorandum of law.[1]

## I.     INTRODUCTION

Plaintiff Robert Curry, a union member and former employee of Defendant United Parcel Service, Inc. ("UPS"), filed a Complaint in the Court of Common Pleas of Philadelphia County alleging that he was wrongfully discharged in breach of a collective bargaining agreement ("CBA"). Specifically, Plaintiff's Complaint alleges UPS terminated him without proper cause in violation of the CBA. UPS joined Co-Defendant International Brotherhood of Teamsters' Local 623 ("Local 623")'s Notice of Removal of this action to federal court because Plaintiff's Complaint presents a hybrid claim that is substantially dependent on the interpretation of the CBA governing Plaintiff's employment, and, therefore, is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA").

Relying on a series of irrelevant cases that do not present even remotely analogous scenarios, Plaintiff's Motion to Remand ("Plaintiff's Motion") incorrectly asserts that his wrongful termination claim is the governing state law claim as such removal was improper. Notably missing from Plaintiff's Motion however is ***any*** case law distinguishing the present circumstances from the legions of Third Circuit case law holding that a Section 301 claim is completely preempted – a dispositive consideration on a motion to remand – and therefore properly before a federal court. Because Plaintiff's one-count wrongful discharge claim

---

[1] While Plaintiff couched his Motion to Remand with a Motion to Stay (Doc. No. 10), this Court issued an Order on June 30, 2017 denying Plaintiff's separately-filed Motion to Stay (Doc. No. 11). *See* Doc. No. 13.

substantially depends on the interpretation of the CBA, it is preempted by Section 301 of the LMRA and Plaintiff's Motion should be denied.[2]

## II. FACTUAL BACKGROUND[3]

At all relevant times, Plaintiff has been employed by UPS and had been represented for purposes of collective bargaining by Co-Defendant International Brotherhood of Teamsters, Local Union No. 623 "Local 623"). UPS and Local 623 are parties to a collective bargaining agreement, which governs the employment of UPS employees, including Plaintiff. Complaint ("Compl.") at ¶¶ 60-61.

Plaintiff alleges that in Winter 2013, UPS's union contract with the Union was in negotiation. *Id.* at ¶ 6. Plaintiff claims that he made (and began wearing and selling) a t-shirt, stating "Vote No" in reference to the membership vote on the new contract with UPS. *Id.* at ¶¶ 8-9. After the first "No" vote, Plaintiff alleges that he formed a slate of seven (7) individuals, known as "The Integrity Slate," to run for leadership of Teamsters Local 623, with Plaintiff at the top of the ticket. *Id.* at ¶ 16. Ultimately, Plaintiff lost in the election, and the national Teamsters leadership changed the Constitution to allow adoption of the new contract with UPS without a third vote by the local membership. *Id.* at ¶ 19-23.

The Complaint alleges that following the election, Plaintiff experienced harassment, including around Spring 2014, when he was initially skipped over by the local leadership to be trained as a CDL Class A truck driver. *Id.* at ¶ 24. Subsequently, while working as a CDL driver, Plaintiff claims that on April 17, 2015, Plaintiff stopped at the "Chesapeake House" rest

---

[2] UPS' Opposition Brief relies heavily on the arguments made in its Brief in Support of its Motion to Dismiss (Doc. No. 16). In order to properly object to Plaintiff's Motion to Remand and Stay, UPS incorporates many of the same arguments and factual recitations.

[3] For purposes of this Opposition Brief, UPS assumes the truth of the well-pleaded facts set forth in the Complaint as they relate to Plaintiff's claims against UPS. UPS nonetheless would deny many of Plaintiff's allegations, and reserves the right to dispute and litigate those allegations to the extent necessary in this action.

stop on I-95 to use the bathroom and talk to co-workers on his ten-minute break. *Id.* at ¶¶ 25-29. On or about April 22, 2015, Plaintiff claims he was called into John Fiorentino's office, and accused of "stealing time" by not clocking out when Plaintiff stopped at the "Chesapeake House" rest stop on April 17, 2015. *Id.* at ¶¶ 25, 35. Plaintiff alleges he was terminated at the conclusion of the questioning. *Id.* at ¶ 36.

Plaintiff claims that he filed two grievances (Nos. 9965 and 9966) regarding his termination. *Id.* at *¶* 39. He claims that Grievance No. 9965 was addressed on May 1, 2015. *Id.* at *¶* 40. Plaintiff presented his case to the Hearing Panel, and was escorted off the premises by guards following the hearing. *Id.* at *¶¶* 41-44. Thereafter, Plaintiff filed six more grievances concerning his termination and requesting to see the video of his bathroom break. *Id.* at *¶* 45. Plaintiff was shown the video, which Plaintiff claims shows him taking a ten-minute break, from 7:57 pm to 8:07 pm. *Id.* at *¶* 46. A second hearing regarding Plaintiff's termination was held in Asheville, NC on May 19th and 20th, 2015, which Plaintiff attended. *Id.* at *¶¶* 47-48, Ex. E. Plaintiff alleges he offered a notarized statement letter from Bill Morris, a local union leader, into evidence, as well as some additional documentary evidence. *Id.* at *¶¶* 49-51 , Exs. F, G and H.

Following a grievance process, the committee upheld Plaintiff's termination by letter dated May 20, 2015. *Id.* at ¶ 52, Ex. I. Plaintiff asserts that he received the decision within several months of it being issued. *Id.* at ¶ 53. Plaintiff claims that his termination and the false claims made about him **violated the terms of the CBA**. *Id.* at ¶¶ 56, 63, 67 ("As described above, Defendants breached the Collective Bargaining Agreement when they fired Plaintiff without just and/or proper cause and in retaliation for the negative nationwide publicity and the

substantially great workload caused by the "Vote No" movement including stress and additional rounds of negotiations.")

### III.    PROCEDURAL BACKGROUND

This Plaintiff – and these claims – have been brought before this Court before.  Plaintiff filed his original action in this Court on August 15, 2016 asserting claims of wrongful termination, retaliation, and breach of contract/breach of the duty of fair representation ("*Curry I*").  Civ. A. No. 16-04482, Dkt. No 1.  On September 19, 2016, UPS filed a timely Motion to Dismiss (Civ. A. No. 16-04482, Dkt No. 14), and thereafter Plaintiff filed a Motion to Amend the Complaint (Civ. A. No. 16-04482, Dkt. No. 27), which this Court granted on November 28, 2016.  (Civ. A. No. 16-04482, Dkt. No. 30).  Notably, this Court permitted Plaintiff to amend his original Complaint to remove the wrongful termination claim on the basis that the amended complaint narrowed the suit, thereby promoting "the efficient disposition of the case."  *See* Civ. A. No. 16-04482, Doc. No. 30 at 1.  Plaintiff then filed his Amended Complaint on or about November 28, 2016, asserting only one count against Defendants for breach of contract/breach of the duty of fair representation.  *See* Civ. A. No. 16-04482, Doc. No. 31.

UPS then filed a Motion to Dismiss the remaining claim in the Amended Complaint as barred by the statute of limitations.  *See* Civ. A. No. 16-04482, Doc. No. 32.  In response to that Motion, ***Plaintiff acknowledged his claims against Defendants were time-barred and urged the Court to revive his state-law wrongful termination claim, which he had previously dismissed.***  *See* Civ. A. No. 16-04482, Doc. No. 37 at § II.A.  Awaiting a ruling from this Court on the pending motions, Plaintiff dismissed his claims without prejudice.  *See* Civ. A. No. 16-04482, Doc. No. 42.

Thereafter, the above-entitled action was initiated in the Court of Common Pleas Philadelphia County on or about February 13, 2017.[4] Plaintiff filed a copy of his Complaint with the Court of Commons Pleas on May 1, 2017. On May 23, 2017, the Co-Defendant Union removed the case to this Court pursuant to federal question jurisdiction as Plaintiff has asserted a Section 301 hybrid action subject to complete preemption. Plaintiff subsequently filed a Motion to Remand and Stay ("Plaintiff's Motion") on June 22, 2017, and UPS now files its timely Opposition to Plaintiff's Motion.[5]

## IV. ARGUMENT

### A. Standard of Review

In opposing a motion to remand, the removing party bears the burden of demonstrating that removal is proper and therefore the case is correctly before a federal court. *Sikirica v. Nationwisde Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005). Removal is proper if the action involves claims "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983) (finding 29 U.S.C. § 185 provides that a suit for violation of a collective bargaining agreement, may be brought "in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties"). If the face of plaintiff's complaint presents a federal question, then removal is proper and plaintiff's motion to remand must be denied. *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995). Should the face of plaintiff's complaint not present a federal question, a defendant

---

[4] Tellingly, aside from the case caption and the heading for Count I, there is no change to the allegations in Plaintiff's present Complaint as compared to the Amended Complaint filed in Curry I asserting breach of contract/breach of the duty of fair representation – a Section 301 hybrid suit under the LMRA, 29 U.S.C. § 185 ("Section 301").

[5] Since filing his Motion to Remand and Stay, Plaintiff subsequently filed a subsequent Motion to Stay Pending Adjudication of Plaintiff's Motion to Remand. (Doc. No. 11). This Court denied that motion on June 30, 2017 (Doc. No. 13).

may still successfully remove the action if (1) a substantial question of federal law is embedded in a state-law claim; or (2) a state-law claim is completely preempted by federal law. *Jackson v. Prime Motors, Inc.*, No. 11–2360, 2011 WL 1883806, at *2 (E.D. Pa. May 18, 2011).

> **B. Plaintiff's Claim Is Completely Preempted by the Labor Management Relations Act and Is Within the Exclusive Jurisdiction of this Court**

While the plaintiff is generally considered the "master of the complaint," the United States Supreme Court has found that in certain instances the preemptive force of federal law is so "powerful as to displace entirely any state cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 23 (1983) (internal quotation marks omitted). In such instances, removal is permitted because, although pled as a state claim, the claim is actually considered to arise under the federal law. *Id.* at 24. Section 301 of the LMRA is one such instance of complete preemption as it displaces entirely any state cause of action by an employee "for violation of contracts between an employer and a labor organization." *Id.* at 23. Here, Plaintiff's wrongful termination claim requires an interpretation of the CBA and is therefore completely preempted under Section 301 of the LMRA. As a result, Plaintiff's Motion should be denied.

> 1. UPS Has Demonstrated that Plaintiff's Complaint for Breach of a Collective Bargaining Agreement is Preempted by Section 301 of the LMRA

As the Supreme Court has made clear, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of Cal.*, 463 U.S. at 23 (internal quotation marks omitted omitted); *see also Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1536 (3d Cir. 1992) ("Supreme Court precedent unequivocally instructs us to resolve disputes concerning collectively bargained labor agreements pursuant to federal labor law rather than state law."). The purpose of federal

preemption in this area is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

The Supreme Court and Third Circuit precedent are clear that Section 301 will preempt any state law claim, whether it sounds in contract or in tort, if the claims are "inextricably intertwined" with or are "substantially dependent" upon analysis of the terms of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 369 (1990) ("we have recognized that the pre-emptive force of § 301 extends beyond state-law contract actions"); *see also Wheeler v. Graco Trucking Corp.*, 985 F.2d 108, 112-113 (3d Cir. Pa. 1993) (citations omitted).[6]

In reviewing plaintiffs' motions to remand, courts within the Third Circuit consistently deny motions to remand when the claim is preempted by Section 301. In *Beidleman v. Stroh Brewery Co.*, the Third Circuit called this determination – whether the state law claim is preempted by Section 301 – "dispositive" to the court's resolution of the motion to remand. *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 237 (3d Cir. 1999) (affirming Eastern District of Pennsylvania's denial of plaintiff's motion to remand after deciding plaintiff's claim – based on a breach of collective bargaining agreement – was completely preempted by Section 301); *see also, e.g.*, *Johnson v. NBC Universal, Inc.*, 409 F. App'x 529 (3d Cir. 2010) (affirming denial of

---

[6] In a recent opinion, the Third Circuit affirmed UPS' preemption argument in a similar case involving interpretation of a CBA. In *Hughes v. United Parcel Serv., Inc.*, a case involving Plaintiff's counsel and undersigned counsel for UPS, plaintiffs attempted to bring suit in the Court of Common Pleas of Philadelphia County based on claims arising from a CBA. *Hughes v. United Parcel Serv., Inc.*, No. 14–3822, 2015 WL 1021312 (E.D. Pa. Mar. 6, 2015). The Co-Defendant Teamsters Union successfully removed the case to this Court and Defendants moved to dismiss based in part on Section 301 preemption. Judge Surrick granted UPS' and the Teamsters' motions to dismiss finding plaintiffs' claims were preempted by Section 301 and, therefore, time barred. *Id.* at *7. The Third Circuit affirmed, holding, "Section 301 completely preempts state-law claims that require interpretation of CBAs." *Hughes*, 639 F. App'x 99, 103 (3d Cir. Feb. 1, 2016) (citations omitted).

motion to remand in Section 301 preemption case); *Roberts v. Spruce Manor Nursing & Rehab. Ctr.*, No. 14–CV–4338, 2015 WL 4771020, at *6 (E.D. Pa. Aug. 12, 2015) (denying motion to remand plaintiff's state law claim because it required interpretation of collective bargaining agreement and therefore was completely preempted by Section 301); *Schultz v. EMR, SPC*, No. CIV.A. 14-5683, 2015 WL 746395, at *4 (E.D. Pa. Feb. 20, 2015) (denying plaintiff's motion to remand because plaintiff's complaint alleged wrongful termination based on breach of the CBA, and therefore, the court had subject matter jurisdiction over plaintiff's claims on removal); *Henderson v. Merck & Co.*, 998 F. Supp. 532, 540-541 (E.D. Pa. 1998) (denying motion to remand plaintiff's claim of wrongful termination because it required interpretation of collective bargaining agreement).

Indistinguishable from the above cases, Plaintiff points squarely to a violation of the CBA as the cause of his alleged damages, which inherently requires its interpretation. *See. e.g.,* Compl. at ¶ 67. In fact, the fundamental argument underlying Plaintiff's state law claim is that by terminating Plaintiff "without just and/or proper cause and in retaliation for the negative nationwide publicity and the substantially great workload caused by the 'Vote No' movement including stress and additional rounds of negotiation," the Complaint alleges Defendants "***breached the Collective Bargaining Agreement***." Compl. ¶¶ 62, 67 (emphasis added). Moreover, according to Plaintiff, Defendants made false claims about him, which he contends constituted a breach of the CBA. Compl. ¶¶ 63, 67. Therefore, in order to resolve Plaintiff's claims regarding the circumstances of his discharge, ***the CBA, which contains clauses specifically relating to discharge, will have to be interpreted***.

Plaintiff also alleges that he attended a hearing on his grievance/appeal regarding his termination, but that despite the allegedly redeeming evidence he provided, his termination was

- 9 -

upheld. Compl. ¶¶ 47-54. Consequently, alleging that UPS breached the CBA when it terminated him, and alleging that Defendant Local 623 failed to address Plaintiff's grievances (*See* Compl. ¶¶ 63-67, Ex. B and C), which is most certainly an allegation that Local 623 breached the duty of fair representation in its representation of Curry in the grievance process, constitutes a federal claim that is completely preempted under the LMRA. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) ("Ordinarily, an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' section 301/duty of fair representation suit"); 29 U.S.C. § 185.

As such, UPS has satisfied its burden in showing removal is proper in this case and Plaintiff's haphazard arguments should be rejected.

> 2. Plaintiff's Arguments Cannot Change the Fact that His Claim Depends on the Interpretation of the CBA and is Therefore Preempted

As indicated above, Plaintiff's wrongful termination claim under Pennsylvania law is entirely dependent on an interpretation of the CBA because, as a union employee, he is protected under the CBA. *Henderson*, 998 F. Supp. 532 at 540 (finding the plaintiff's claim was preempted where it required an interpretation of the CBA); *see also Carpenter v. Wawa*, No. CIV.A. 09-2768, 2009 WL 4756258, at *2 (E.D. Pa. Dec. 3, 2009) (finding plaintiff's wrongful termination claim required an interpretation of the CBA and was, therefore, completely preempted under the LMRA); *Furillo v. Dana Corp. Par. Div.*, 866 F. Supp. 842 (E.D. Pa. 1994) (finding former employee's state law defamation claim against employer was preempted by LMRA, where resolution of claim would require interpretation of collective bargaining agreement); *Durrette v. UGI Corp.*, 674 F.Supp. 1139 (M.D. Pa. 1987) (claims for defamation and infliction of emotional distress challenging employer's having accused plaintiff of too many

unexcused absences were intertwined with circumstances surrounding employee's termination and thus preempted by LMRA since discharge was governed by collective bargaining agreement).

Despite his contention, Plaintiff is not asserting independent state law rights that do not require interpretation of the CBA. *Henderson*, 998 F. Supp. at 540. Instead, as a union employee whose terms and conditions of employment are governed by the CBA, it is only pursuant to this CBA that Plaintiff would have any claims as to his allegedly wrongful termination. In fact, Plaintiff does not dispute that his employment with UPS was governed by the CBA (Compl. ¶¶ 60, 61), and specifically points to the "just cause" provision, which requires UPS to establish just cause for discharge from employment. *See* Compl. ¶¶ 63, 67. Yet Plaintiff still attempts to argue, albeit unpersuasively, that the wrongful discharge claim is not preempted.

For instance, Plaintiff incorrectly states "Plaintiff's Complaint – while naming both union and employer – is akin to [*Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998)], not LMRA preemption." Pl.'s Mot. at 3. *Shick* is distinguishable from the present case for two very important reasons. First, as Plaintiff admits, *Shick* brought a claim of wrongful discharge only against the employer, not the union (as Plaintiff has done in this case). Second, and more importantly, the *Shick* case ***did not involve interpretation of a collective bargaining agreement***. *Shick*, 716 A.2d 1231, 1232 (discussing instead a retaliatory discharge claim under the Workers' Compensation Act against plaintiff's employer). This second distinction is paramount in finding removal proper here as Plaintiff points squarely to a violation of the CBA. *See. e.g.,* Compl. at ¶ 67 ("Defendants breached the Collective Bargaining Agreement when they fired Plaintiff without just and/or proper cause and in retaliation for. . .the "Vote No" movement. . ."). As a result, Plaintiff's heavy reliance on *Shick* is completely misplaced.

Ignoring the clear mandate of Third Circuit case law, Plaintiff also attempts to avoid federal preemption by citing either irrelevant cases or cases that support UPS' position.[7] Pl.'s Mot. at 4. Six out of the seven cases cited by Plaintiff do not discuss federal preemption. The one case that *does* discuss federal preemption explicitly concludes that plaintiff's state law claim – alleging a breach of a collective bargaining agreement – is completely preempted by Section 301. *Cephas v. MVM, Inc.*, 520 F.3d 480, 484 (D.C. Cir. 2008) ("We conclude his action depends entirely upon the meaning of the CBA and is, therefore, completely preempted by § 301.").

It is clear from the Complaint that Section 301 of the LMRA governs the Plaintiff's alleged wrongful termination. The only harm Plaintiff describes are the alleged damages flowing from the breach of the CBA between Curry and the Defendants, and the only contract the Complaint cites is the CBA. Compl. ¶¶ 60-67. Further, Plaintiff does not dispute that, as a member of Teamsters Local 623, his employment with UPS was governed by the CBA. *Id.* at ¶¶ 60-61. In order to evaluate Plaintiff's claims, the Court must necessarily interpret provisions of the CBA, which is in the exclusive province of this Court. *See Carpenter*, 2009 WL 4756258, at *2. Thus, removal in this case was proper and Plaintiff's Motion to Remand should be denied.

---

[7] Notably, the *federal* cases Plaintiff cites involve employment claims governed by a CBA and do not discuss preemption because they are already properly before a federal court. *See, e.g.*, *Hammond v. Campbell Soup Co.*, No. 93 C 4059, 1994 WL 162779 (N.D. Ill. Apr. 22, 1994); *Breen v. Concrete by Wagner, Inc.*, No. 98 C 3611, 1998 WL 513072 (N.D. Ill. Aug. 14, 1998); *Cephas v. MVM, Inc.*, 520 F.3d 480 (D.C. Cir. 2008); *Williams v. District 1199C*, No. 99–CV–1425, 1999 WL 391572 (E.D. Pa. June 15, 1999). Plaintiff's cited state court case law is outside the jurisdiction and unpersuasive. *See Lewis v. Balt. Convention Ctr.*, 149 A.3d 1213 (Md. Ct. Spec. App. 2016) (discussing breach of contract claim for failure to pay overtime wages not governed by CBA); *Graham v. Quincy Food Servs. Emps. Ass'n,* 555 N.E. 2d 543 (Mass. 1990) (involving claims only against the Union , and without any discussion of preemption).

## V. CONCLUSION

For all the foregoing reasons, Plaintiff's claim is within the exclusive jurisdiction of the federal court, and UPS respectfully requests that the Court deny Plaintiff's Motion to Remand and Stay.

Respectfully submitted,

*/s/ Molly Q. Campbell*
Gary M. Tocci, Esq.
Molly Q. Campbell, Esq.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
P: (215) 241-7953

*Counsel for Defendant*
*United Parcel Service, Inc.*

Dated: July 6, 2017

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC.,<br>TEAMSTERS LOCAL 623,<br><br>    Defendants. | Civil Action No. 2:17-cv-02331-GJP |

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that the Defendant United Parcel Service, Inc. electronically filed an Opposition to Plaintiff's Motion to Remand and Stay on July 6, 2017, and they are available for viewing and downloading from the federal court's Electronic Case File system. A copy of the foregoing has been served via ECF today upon the following counsel:

    Matthew B. Weisberg, Esq.
    Weisberg Law, PC
    7 S. Morton Avenue
    Morton, PA  19070
    *Attorney for Plaintiff*


    Neal Goldstein, Esq.
    Freedman and Lorry, PC
    1601 Market Street, Suite 1500
    Philadelphia, PA  19103

    *Attorney for Defendant*
    *International Brotherhood of Teamsters, Local 623*


      */s/ Molly Q. Campbell*