UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC<br><br>AND<br><br>TEAMSTERS LOCAL 623<br><br>          Defendants, | Civil Action No. 17-2331 |

**DEFENDANT TEAMSTERS LOCAL 929'S MEMORANDUM OF LAW IN OPPOSITION TO ROBERT CURRY'S MOTION TO REMAND AND STAY**

I. **INTRODUCTION**

Plaintiff Robert Curry's complaint against the Defendants, United Parcel Service ("UPS") and Teamsters Local 623 ("Local 623"), asserts a sole count of wrongful discharge.[1] A former employee of UPS and member of Local 623, Curry was terminated in April 2015. (ECF 15 at ¶¶ 43, 62).[2] He grieved the termination under the grievance procedure in the Collective Bargaining Agreement ("CBA"), but it was upheld by the joint grievance committee. (ECF 15 at ¶ 61).

Curry acknowledges that there was a CBA in effect between UPS and Local 623. (ECF 15 at ¶ 60). In fact, he relies on the existence of the CBA in support of his claim that he could only be

---

[1] Curry amended his complaint on July 3, 2017 ("First Amended Civil Action Complaint") but he still only asserts one count of wrongful discharge. Civ. A. No. 17-2331, document number 15 at page 11.

[2] ECF 15 refers to Civ. A. No. 17-2331, document number 15, Curry's first amended civil action complaint.

fired for cause – "Defendants were required to only terminate Plaintiff if Defendants had just and/or proper cause." (ECF 15 at ¶ 72.) Employees in Pennsylvania without a union are considered to be employed at-will. The complaint is thus grounded in the existence of the CBA. Curry explicitly acknowledges that he was not an at-will employee – "Thus, Plaintiff was not an at-will employee." (ECF 15 at ¶ 71). (See Exhibit A – CBA at Article 51.)

Curry claims that he was discharged by "the Defendants" *without cause*.[3] But despite the fact that Curry's complaint is grounded in the idea that he could only be discharged for cause under the CBA, and that he was not discharged for cause, and that he was not an at-will employee, Curry seems to feel that his case presents some kind of exception to the rule that disputes under the terms of a collective bargaining agreement are completely preempted by Section 301 of the Labor Management Relations Act. He is simply incorrect on this point.

## II. ARGUMENT

### A. Standard of Review

A case may be brought in federal court if there is federal subject matter jurisdiction. Such jurisdiction exists when there is either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists when a claim arises pursuant to federal law. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (2017).[4]

---

[3] The Union is not an employer and has no authority to terminate Curry's employment. Only UPS has such authority. Under the terms of the National Labor Relations Act, "[t]he term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include …any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152(2).

[4] Diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Local 623 removed Curry's complaint to federal court because this Court has federal question jurisdiction. There is not complete diversity.

2

Section 301 of the Labor Management Relations Act (LMRA) confers subject matter jurisdiction to federal courts over suits alleging violations of a collective bargaining agreement. 29 U.S.C. § 185(a).[5] Such suits may be brought in any federal district court having jurisdiction over the parties. 29 U.S.C. § 185(a). A claim under section 301 of the LMRA may be characterized as either a "pure claim" or a "hybrid claim." Section 301 "hybrid" claims are brought by an employee and allege that the employer breached the collective bargaining agreement (e.g. by firing an employee in violation of the "just cause" provision in the CBA) and that the employee's union violated its duty to fairly represent the employee – also known as a breach of the duty of fair representation. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983); see Carpenter v. Wawa, 2009 LEXIS 112509, at *10 (E.D. Pa. 2009).

Generally removal for federal question jurisdiction under Section 1331 requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint (making the plaintiff the master of the claim), but a defendant may remove a case even if it is grounded in state law, when the claim is preempted under Section 301 of the LMRA. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 301 provides for complete preemption; it is not only jurisdictional, as "it authorizes federal courts to fashion a body of federal law for the enforcement of…collective bargaining agreements." Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 451 (1957). In light of this mandate, the Supreme Court has held that any state-law cause of action for violation of a collective bargaining agreement is entirely preempted by section 301. Beidleman v.

---

[5] Section 301 of the LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

3

Stroh Brewery Co., 182 F.3d 225, 231–32 (3d Cir. 1999); see Avco Corp. v. International Association of Machinists & Aerospace Workers, 390 U.S. 557, 559 (1968); Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962). This is true when the claim is "substantially dependent on analysis of a collective bargaining agreement" or if the claim is based on rights created by the CBA. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 410 (1988). Thus, when a plaintiff covered by a collective bargaining agreement relies on that collective bargaining agreement, and *grounds his complaint* in the collective bargaining agreement, then his claim is preempted. Trans Penn Wax Corp., 50 F.3d at 229.

### B. Curry's Claim Is Completely Preempted by Section 301

Curry's complaint is grounded in the collective bargaining agreement, which he alleges was violated when he was fired without just cause. There is not a close call, susceptible in any way to more than one interpretation. Curry notes the following relevant facts in Count 1:

- There is a collective bargaining agreement for Curry's benefit (ECF 15 at ¶ 70.)
- Curry was covered by the CBA and therefore not an at-will employee (ECF 15 at ¶ 71.)
- Curry could not be fired under the CBA without just cause. (ECF 15 at ¶ 72.)
- "Defendants did not have just and/or proper cause to discharge Plaintiff." (ECF 15 at ¶ 75.)[6]
- "Defendants breached the Collective Bargaining Agreement when they fired Plaintiff without just and/or proper cause and in retaliation…" (ECF 15 at ¶ 75.)

Notably, Curry only had access to the union grievance process because of a right created by the CBA (Article 49, Section 2 of the CBA, appended as Exhibit A). See Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 410 (1988). He could only be terminated for "just cause" because of a right grounded in the CBA. And it is this right to job protection unless a

---

[6] Local 623 is a union and represents employees. In the typical hybrid 301 case, the plaintiff sues the employer for violating the CBA and the Union for failing to fully represent the plaintiff. Here plaintiff alleges that both the employer and union have terminated him. It does not make sense but it does not support or advance Curry's argument that the case should be remanded to state court.

4

termination is for just cause upon which he bases his complaint. Without just cause protection Curry could be fired for any reason. Indeed the CBA provides to Curry a protection that at-will employees do not have.

### C. There Is No State Law Claim for Wrongful Discharge by Unionized Employees.

As a unionized employee with just cause job protection, Curry cannot state a claim under Pennsylvania law for wrongful discharge; there is no such claim. There is a vast body of case law in Pennsylvania on this notion. Ciferni v. Day & Zimmerman, Inc., 529 F. App'x 199, 203 (3d Cir. 2013).

> In Pennsylvania, courts have consistently held that "common law wrongful discharge suits cannot be brought by union employees subject to a CBA." Ciferni v. Day & Zimmerman, Inc., 529 F. App'x. 199, 203 (3d Cir.2013); see also Phillips v. Babcock & Wilcox, 349 Pa. Super. 351, 503 A.2d 36, 37–38 (Pa.Super.Ct.1986); Coppola v. JNESO–Pocono Med. Ctr., 400 F. App'x 683, 684 (3d Cir.2010) (relying on Phillips to conclude that "union employees subject to collective bargaining agreements may not pursue wrongful discharge claims against former employers"); Wood v. Bethlehem Area Vocational Technical Sch., No. 12–4624, 2013 WL 2983672, at *12 (E.D. Pa. June 17, 2013), aff'd sub nom., Wood v. Williams, 568 F. App'x 100 (3d Cir.2014) ("Because Wood was working under a collective bargaining agreement and was not an at-will employee, she cannot maintain a wrongful discharge action, and so we will dismiss this count of her complaint under Fed.R.Civ.P. 12(b)(6)."). In this case, Plaintiff concedes that his employment with Defendant was subject to a CBA... Accordingly, Count I will be dismissed.
>
> [Mitchell v. Cmty. Educ. Centers, Inc., No. CIV.A. 14-5026, 2015 WL 4770652, at *3 (E.D. Pa. Aug. 11, 2015).]

For non-union, at-will employees there is a public policy exception to the at-will doctrine. See Spierling v. First Am. Home Health Servs., Inc., 1999 PA Super 222, ¶ 15, (Pa 1999) ("[W]here the complaint itself discloses a plausible and legitimate reason for terminating an at-

5

will employment relationship and no clear mandate of public is violated thereby, an employee at will has no right of action against his employer for wrongful discharge.")[7] But unionized employees cannot bring a wrongful termination claim and avail themselves of this public policy exception. "This distinction exists because, a union-represented employee, unlike an at-will employee, can contest his dismissal through the grievance procedure outlined in his collective bargaining agreement." Harper v. Am. Red Cross Blood Servs., 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001); see Phillips v. Babcock & Wilcox, 349 Pa.Super. 351, 503 A.2d 36, 38 (1986), appeal denied, 514 Pa. 618, 521 A.2d 933 (1987) (Union employees under a collective bargaining agreement cannot maintain a tort action for wrongful discharge when the CBA protects the employee from discharge without just cause).

The case law Curry cites for the idea that his complaint is grounded in state law simply does not support his position that a unionized employee can bring a case for wrongful termination in Pennsylvania state court. In fact he only cites to two Pennsylvania cases. See Shick v. Shirey, 716 A.2d 1231 (Pa. 1981)(recognizing wrongful discharge for at-will employees in workers' compensation cases); Williams v. Dist. 1199C, No. CIV. A. 99-CV-1425, 1999 WL 391572, at *1 (E.D. Pa. June 15, 1999)(The federal courts have subject matter jurisdiction over Section 301 duty of fair representation cases for union employees). All of the other cases cited by Curry are from other jurisdictions outside of Pennsylvania, are inapplicable and are not binding authority.

---

[7] At-will employment has been the default in Pennsylvania since at least 1891. Henry v. Pittsburgh & L. E. R. Co., 139 Pa. 289, 297, 21 A. 157, 157 (1891) ("A railroad corporation, or an individual, may discharge an employe with or without cause at pleasure, unless restrained by some contract..."). Only unionized employees have a right to employment unless the employer proves termination is for "just cause."

## III. CONCLUSION

Local 623 respectfully requests that Plaintiff's Motion for Remand and Stay be DENIED.

Respectfully submitted,

Dated: July 6, 2017

/S/ Lisa Leshinski
LISA LESHINSKI
PA Attorney I.D. No. 201159
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2557

FREEDMAN AND LORRY, P.C.

Attorneys for Defendant International
Brotherhood of Teamsters, Local 623