UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| Plaintiff, | : | NO.: 17-2331 |
| v. | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Pursuant to FRCP 11(b)(2), Plaintiff respectfully requests remand based on Plaintiff's informed belief that his claim is warranted by a non-frivolous argument for extending, modifying, reversing existing law or for the establishing new law.

Towards the above and, Plaintiff admits that the weight of authority serves to indicate Plaintiff's discharge claim unavailable to Plaintiff: a unionized employee. That is, while neither the Pennsylvania nor United States Supreme Court has addressed this issue, Defendants' cited authorities would seem to favor this Honorable Court to deny Plaintiff's Motion for Remand. To that end, if the Motion to Remand is denied (i.e., this Honorable Court holds Plaintiff's claim LMRA preempted), then Plaintiff thus admits his claim untimely (i.e., six-month statute of limitations attendant to LMRA "hybrid" claims).

That said, Plaintiff respectfully suggests his Motion to Remand be granted on two (2) inter-related defense non-addressed grounds: (1) the Equal Protection Clause (of both the Pennsylvania and United States constitutions) preclude Pennsylvania from granting non-unionized employees different causes of action (i.e., wrongful discharge) than unionized employees; and (2) that question requires remand to state court for that peculiar analysis to state

law. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

In the first instance, Defendant, Teamster's cites Ciferni, *supra*., for the proposition that there exists no cause of action for wrongful termination by a unionized employee, Plaintiff. However, Ciferni is a non-precedential decision. Notwithstanding, to the extent Ciferni relies upon Phillips, *supra*., Plaintiff notes Phillips' dissent in accord with Byrd v. VOCA Corp. of Washington, D.C., 962 A.2d 927 (D.C. 2008); *see also*, Smith v. Bates Tech. College, 991 P.2d 1135 (Wash. 2000) (*en banc*). Indeed, Ross v. Montour R. Co., 516 A.2d 29 (Pa.Super. 1986), specifically disagreed by Keveney v. Missouri Military Academy, 304 S.W.3d 98 (Miss. 2010) (*en banc*); *See also*, Herring v. Prince Macaroni of N.J., Inc., 799 F.2d 120 (C.A.3 1986).

As to Coppola, *supra*., another non-precedential opinion, there Third Circuit refused to analyze Plaintiff's instant equal protection argument.

Before discussing Plaintiff's instant equal protection argument, Plaintiff clarifies that Curry I was voluntarily dismissed without prejudice by Plaintiff because in essence Plaintiff was – *based on Defendants' arguments* – requesting this Honorable Court's curative leave to amend to assert the instant wrongful discharge claim and then remand to State Court: an action FRCP 41 unilaterally provides Plaintiff. To be clear: Plaintiff does not bring an action under the LMRA nor breach of the duty of fair representation; Plaintiff brings a state-created public policy mandated cause for common law wrongful discharge. Plaintiff instantly amended his complaint to confirm to federal practice and for preservation.

As to Plaintiff's Equal Protection argument, the Fourteenth Amendment of the United States Constitution as well as Article I §§1& 26 of the Pennsylvania Constitution mandates that individuals be fundamentally treated in a manner similar to others in like circumstances. When

state law (as Defendants' suggest) make a classification based on the exercise of a fundamental right then that classification is subjected to a heightened standard of review. Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498-99 (1982). If a fundamental right or a suspect class is involved the court reviews the classification under strict scrutiny. Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976) (*per curiam*).

Freedom of association is a fundamental right guaranteed by the First Amendment. Babbitt v. United Farm Workers, 442 U.S. 289, 313 (1979); Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984); Healy v. James, 408 U.S. 169, 181 (1972) §7 NLRA, 29 U.S.C. §157.

To wit (i.e., equal protection), states may not classify their citizens' rights by granting non-unionized individuals causes of action v. unionized members.

There is no rational basis to grant non-unionized employees' rights to the discrimination of unionized employees' exercise of those unionized employees' First Amendment rights to so unionize.

Because Defendants' LMRA preemption argument necessitates this Honorable Court to find there exists a state distinction between unionized employees and non-unionized employees cognizable causes for wrongful termination, both equal protection clauses of the United States and Pennsylvania constitutions are violated: precluding such a holding.

Because this never-before addressed equal protection argument requires a state law analysis, that peculiar question presented provides additional grounds for remand.

In sum, Defendants' have the burden of proving complete preemption. Defendants' citations – while numerous – have been neither determined by the Pennsylvania nor United States Supreme Courts and are attacked directly by other states' so deciding. Notwithstanding

that Defendants cannot meet their burden, Plaintiff's equal protection argument further precludes this Court from holding consistent with Defendants' arguments. To this peculiar state law question, the equal protection argument's application to state law is best suited for state court.

However, if this Honorable Court holds Plaintiff's claim LMRA preempted (i.e., and thus denies Plaintiff's Motion to Remand), Plaintiff concedes dismissal of his Complaint secondary to the LMRA six-month statute of limitations.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Remand. In the alternative, upon Plaintiff's concession (that if this Honorable Court denies the Motion or Remand then this Court must therefore hold the LMRA six-month statute of limitations applicable), Plaintiff's Complaint should be dismissed with prejudice – all arguments preserved for appeal.

        **WEISBERG LAW**

        /s/ Matthew B. Weisberg
        Matthew B. Weisberg, Esquire
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.: 17-2331 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of July, 2017, a true and correct copy of the foregoing Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand was served via ECF, upon the following parties:

Gary M. Tocci, Esquire
Reed Smith, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

Molly Q. Campbell, Esq.
Reed Smith, LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005

Lisa Leshinski, Esq.
Neal Goldstein, Esq.
Freedman and Lorry, P.C.
1601 Market Street, Second Floor
Philadelphia, PA 19103

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff