## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CURRY,

                 Plaintiff,

     v.

UNITED PARCEL SERVICE, INC.,
TEAMSTERS LOCAL 623,

              Defendants.

Civil Action No. 2:17-cv-02331-GJP

## O R D E R

**AND NOW** this _____ day of _____, 2017, upon consideration of Defendant, United Parcel Service, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby **ORDERED** that the Defendant's Motion is **GRANTED**, and that this action is **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 1927 and Local Civil Rule 83.6.1, the Court further awards and assesses the fees and expenses of Defendant's counsel against Plaintiff's counsel for bringing this Motion.  Within fifteen (15) days from the entry of this Order, Defendant's counsel shall file with the Court documentation supporting their time and expenses with regard to the relief set forth above.

BY THE COURT:

_____

J.

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CURRY,

                Plaintiff,

      v.

UNITED PARCEL SERVICE, INC.,
TEAMSTERS LOCAL 623,

                Defendants.

Civil Action No. 2:17-cv-02331-GJP

### DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT AND FOR SANCTIONS

Defendant United Parcel Service, Inc. ("UPS"), hereby moves this Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As part of this Motion, UPS also moves for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and Local Civil Rule 83.6.1.

The grounds for this Motion are set forth at length in the accompanying Brief in Support.

          */s/ Gary M. Tocci*
          Gary M. Tocci, Esq.
          Molly Q. Campbell, Esq.
          Reed Smith LLP
          Three Logan Square
          1717 Arch Street, Suite 3100
          Philadelphia, PA 19103
          P: (215) 851-8100

          *Counsel for Defendant*
          *United Parcel Service, Inc.*

July 17, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ROBERT CURRY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC.,<br>TEAMSTERS LOCAL 623,<br><br>　　　　　　　Defendants. | Civil Action No. 2:17-cv-02331-GJP |

**BRIEF IN SUPPORT OF DEFENDANT, UNITED PARCEL SERVICE, INC.'S,**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND FOR**
<u>**SANCTIONS**</u>

　　　　　　　　　　　　　　　　　　*/s/ Gary M. Tocci*　　　　　　
　　　　　　　　　　　　　　　　　　Gary M. Tocci, Esq.
　　　　　　　　　　　　　　　　　　Molly Q. Campbell, Esq.
　　　　　　　　　　　　　　　　　　Reed Smith LLP
　　　　　　　　　　　　　　　　　　Three Logan Square
　　　　　　　　　　　　　　　　　　1717 Arch Street, Suite 3100
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　P: (215) 851-8100

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　*United Parcel Service, Inc.*

July 17, 2017

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ............................................................................................1

II.   PROCEDURAL HISTORY...........................................................................4

III.  STATEMENT OF FACTS .............................................................................4

IV.   ARGUMENT ...................................................................................................7

      A.    Standard of Review.................................................................................7

      B.    Plaintiff's Wrongful Termination Claim Requires An Interpretation Of The
           CBA And Is Completely Preempted Under Section 301 Of The LMRA...............8

      C.    Because Plaintiff's Claims Are Completely Preempted, This Court Should
           Dismiss The Complaint With Prejudice .................................................................12

           1.    This Court Should Dismiss Plaintiff's Claim Against UPS Because It
                 Is Time-Barred ...........................................................................................12

           2.    This Court Should Dismiss The Amended Complaint Because As A
                 Union Employee Subject To A Collective Bargaining Agreement,
                 Curry Cannot Assert A Cause Of Action For Wrongful Termination.......13

V.    REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND LOCAL
      CIVIL RULE 83.6.1 ......................................................................................16

VI.   CONCLUSION...............................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Nat'l R.R. Passenger Corp.*,
    No. 03-CV-3497, 2004 WL 2830629 (E.D. Pa. Dec. 7, 2004)................................13

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985)................................................................................8, 11

*Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*,
    No. 11-7709, 2012 WL 4473240 (E.D. Pa. Sept. 28, 2012)...........................17, 18

*Angst v. Mack Trucks, Inc.*,
    969 F.2d 1530 (3d Cir. 1992)....................................................................11

*Antol v. Esposto*,
    100 F.3d 1111 (3d Cir. 1996)......................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................7

*Baker Indus. Inc. v. Cerberus, Ltd.*,
    764 F.2d 204 (3d Cir. 1985)......................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 545 (2007)..................................................................................7

*Bruch v. United Steelworkers of America*,
    583 F. Supp. 668, 670 ...............................................................................12

*Campana v. Muir*,
    615 F. Supp. 871 (M.D. Pa. 1985).............................................................17

*Cardio-Medical Assocs., Ltd. v. Crozer-Chester Med. Ctr.*,
    721 F.2d 68 (3d Cir. 1983)........................................................................13

*Carpenter v. Wawa*,
    No. 09-2768, 2009 WL 4756258 (E.D. Pa. Dec. 3, 2009)...............................9, 11

*Cintron Beverage Grp., LLC v. Depersia*,
    No. 07-3043, 2008 WL 1734184 (E.D. Pa. Apr. 14, 2008).............................17

*Coppola v. Jneso-Pocono Med. Ctr.*,
    400 F. App'x 683 (3d Cir. 2010) ...............................................................15

*DelCostello v. Int'l Bhd. of Teamsters*,
    462 U.S. 151 (1983)..............................................................8, 11, 12, 13

*Durrette v. UGI Corp.*,
   674 F. Supp. 1139 (M.D. Pa. 1987) ..................................................................9

*Felice v. Sever*,
   985 F.2d 1221 (3d Cir. 1993) .......................................................................10

*Ferrell v. Harvard Indus., Inc.*,
   No. 00-2707, 2001 WL 1301461 (E.D. Pa. Oct. 23, 2001) ....................................15

*Ford v. Temple Hosp.*,
   790 F.2d 342 (3d Cir. 1986).........................................................................17

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,
   463 U.S. 1 (1983) ......................................................................................11

*Furillo v. Dana Corp. Par. Div.*,
   866 F. Supp. 842 (E.D. Pa. 1994) ....................................................................9

*Geary v. U.S. Steel Corp.*,
   319 A.2d 174 (Pa. 1974) .........................................................................14, 16

*Henderson v. Merck & Co.*,
   998 F. Supp. 532 (E.D. Pa. 1998) ...............................................................9, 10

*Hersh v. Allen Products Co.*,
   789 F.2d 230 (3d Cir. 1986).........................................................................12

*Hughes v. United Parcel Serv., Inc.*,
   No. 14–3822, 2015 WL 1021312 (E.D. Pa. Mar. 6, 2015)...................................8, 9

*Hunger v. Grand Cent. Sanitation*,
   670 A.2d 176 (Pa. Super. Ct. 1996), *appeal denied*, 681 A.2d 178 (Pa. 1996)...............16

*Krajsa v. Keypunch, Inc.*,
   622 A.2d 355 (Pa. Super. Ct. 1993) ...............................................................15

*Lingle v. Norge Div. of Magic Chef, Inc.*,
   486 U.S. 399 (1988)...................................................................................11

*Loftus v. Se. Pa. Transp. Auth.*,
   8 F. Supp. 2d 458 (E.D. Pa. 1998) .................................................................17

*Lohman v. Borough*,
   No. 3:05-CV-1423, 2007 WL 4260943 (M.D. Pa. Nov. 29, 2007) ......................13, 15

*Matthews v. Freedman*,
   128 F.R.D. 194 (E.D. Pa. 1989).....................................................................18

*McLaughlin v. Gastrointestinal Specialists, Inc.*,
750 A.2d 283 (Pa. 2000) ...................................................................................15

*Pekar v. U.S. Steel/Edgar Thomson Works*,
No. 09-844, 2010 WL 419421 (W.D. Pa. Jan. 29, 2010) ......................................15

*Phillips v. Babcock & Wilcox*,
503 A.2d 36 (Pa. Super. Ct. 1986) ................................................................14, 15

*In re Prudential Ins. Co. of Am. Sales Practices Lit.*,
278 F.3d 175 (3d Cir. 2002) ..........................................................................16, 17

*Ross v. Montour R. Co.*,
516 A.2d 29 (Pa. Super. Ct. 1986) ....................................................................15

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ............................................................................7, 8

*Schultz v. EMR, SPC*,
No. 14-5683, 2015 WL 746395 (E.D. Pa. Feb. 20, 2015) .......................................9

*Spierling v. First Am. Home Health Serv., Inc.*,
737 A.2d 1250 (Pa. Super. Ct. 1999) ..................................................................15

*United Steelworkers of Am., AFL-CIO-CLC v. Rawson*,
495 U.S. 362 (1990) ..........................................................................................8

*Vadino v. A. Valey Eng'rs*,
903 F.2d 253 (3d Cir. 1990) .............................................................................12

*Wheeler v. Graco Trucking Corp.*,
985 F.2d 108 (3d Cir. 1993) ...............................................................................8

*Williams v. Chrysler Corp.*,
No. 98-7108, 1998 WL 871026 (3d Cir. Dec. 16, 1998) ................................12, 13

*Woods v. Adams Run Assocs.*,
No. 96-6111, 1997 WL 256966 (E.D. Pa. May 13, 1997) ....................................17

*Zambelli Fireworks Mfg. Co. v. Wood*,
No. 2:08–cv–415, 2010 WL 4672357 (W.D. Pa. Nov. 9, 2010) ...........................16

**Statutes**

29 U.S.C. § 185 .......................................................................................2, 8, 10

28 U.S.C. § 1927 ....................................................................................3, 16, 17

**Rules**

Local Civil Rule 83.6.1 ...........................................................................................3, 16, 17

## I.   __INTRODUCTION__

Plaintiff's Amended Complaint reasserts the same deficient allegations and therefore does nothing to salvage Plaintiff's inherently defective claims.  As no artful pleading could conceivably save Plaintiff's time-barred Amended Complaint, the Court should dismiss the action with prejudice. As previously asserted, Robert Curry ("Curry" or "Plaintiff") was employed by Defendant United Parcel Service, Inc. ("UPS"), as a package driver.  At all relevant times, Plaintiff had been employed by UPS and had been represented for purposes of collective bargaining by Co-Defendant International Brotherhood of Teamsters, Local Union No. 623 ("Local 623" or "Union," referred to together with UPS as the "Defendants").

Plaintiff continues to prolong his already long history of filings associated with his allegations against Defendants.  Yet each permutation of Plaintiff's claims—including this most recent Amended Complaint—cannot change the outcome—***Plaintiff's claims against Defendants are time barred***.[1]  Specifically, Plaintiff filed his original action in this Court on August 15, 2016 asserting claims of wrongful termination, retaliation, and breach of contract/breach of the duty of fair representation ("*Curry I*").  Civ. A. No. 16-04482, Dkt. No 1. On September 19, 2016, UPS filed a timely Motion to Dismiss (Civ. A. No. 16-04482, Dkt No. 14), and thereafter Plaintiff filed a Motion to Amend the Complaint (Civ. A. No. 16-04482, Dkt. No. 27), which this Court granted on November 28, 2016.  (Civ. A. No. 16-04482, Dkt. No. 30). Notably, this Court permitted Plaintiff to amend his original complaint to remove the wrongful termination claim on the basis that the amended complaint narrowed the suit thereby promoting "the efficient disposition of the case."  *See* Civ. A. No. 16-04482, Doc. No. 30 at 1.  Plaintiff then filed his Amended Complaint on or about November 28, 2016, asserting only one count

---

[1]     Plaintiff's most recent filing concedes the same stating, "However, if this Honorable Court holds Plaintiff's claim LMRA preempted, ***Plaintiff concedes dismissal of his Complaint secondary to the LMRA six-month statute of limitations.***"  Doc. No. 19, at p. 4 (emphasis added).

against Defendants for breach of contract/breach of the duty of fair representation.  *See* Civ. A. No. 16-04482, Doc. No. 31.  Thus, the wrongful termination claim – proven to be without merit by Defendants' Motion to Dismiss – was withdrawn by Plaintiff.

UPS then filed a Motion to Dismiss the remaining claim in the Amended Complaint as barred by the statute of limitations.  *See* Civ. A. No. 16-04482, Doc. No. 32.  In response to that Motion, Plaintiff ***acknowledged his claims against Defendants were time-barred*** and urged the Court to revive his state-law wrongful termination claim, which he had previously dismissed. *See* Civ. A. No. 16-04482, Doc. No. 37 at § II.A.  Awaiting a ruling from this Court on the pending motions, Plaintiff dismissed his claims without prejudice.  *See* Civ. A. No. 16-04482, Doc. No. 42.

Plaintiff then initiated the present action in the Court of Common Pleas Philadelphia County by a Writ of Summons on or about February 13, 2017, with a Complaint filed on or about May 1, 2017.  *See* Dkt. No. 1, Ex. A and B.  On July 6, 2017, Plaintiff filed an Amended Complaint.  Tellingly, aside from a few additional factual allegations and the case caption, there is no material change to the allegations in Plaintiff's July 6th Amended Complaint as compared to the Amended Complaint filed in *Curry I*, which asserted breach of contract/breach of the duty of fair representation – a Section 301 hybrid suit under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301").[2]

Against this backdrop, while Plaintiff continues to cast his claim under the auspices of "wrongful termination," there can be no question that he has asserted a federal cause of action under Section 301, which fails as a matter of law and should be dismissed.  Specifically, as a union employee, Plaintiff is not permitted to bring a wrongful termination claim under

---

[2]  In fact, the newly added allegations continue to support this Court's jurisdiction as they reinforce the Court's obligation to review and interpret the CBA in order to resolve Plaintiff's claim.

Pennsylvania law as he is protected under the Collective Bargaining Agreement ("CBA").  It is pursuant to this CBA that Plaintiff would have any claims as to his allegedly wrongful termination.  In fact, according to Plaintiff, Defendants made false claims about him, which he contends constituted a breach of the CBA.  Amended Complaint ("Am. Compl.") ¶¶ 73, 77. Plaintiff also alleges that he attended a hearing on his grievance/appeal regarding his termination, but that despite the allegedly redeeming evidence he provided, his termination was upheld.  *Id.* at ¶¶ 56-64.  Consequently, by alleging a breach of the CBA and claiming the "appeal" of his grievance was wrongfully denied, the Plaintiff has invoked the duty of fair representation against the Union (an entity that represents, but does not employ Plaintiff) and asserted a breach of contract against UPS.  Such claims are fundamentally Section 301 hybrid actions under the LMRA.

Thus, for the reasons set forth below, this case is a straightforward Section 301 claim, for which Plaintiff admits the six-month statute of limitations applies ***and has already passed***, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

Finally, Plaintiff's counsel's actions of continuing to present the same claim and filing yet another amended complaint smacks of bad faith.  Such procedural chaos instigated by Plaintiff is both a flagrant disregard for the rules of the Court and the justice system.  Plaintiff has wasted the Court's as well as Defendants' time and money through blatant forum shopping and misdirection, all whilst pursuing a claim that is time-barred.  As such, UPS also moves for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and Local Civil Rule 83.6.1 seeking dismissal of the action and any costs and attorneys' fees associated with the filing of this Motion—the fourth of its kind seeking dismissal of Plaintiff's claims.

## II.    PROCEDURAL HISTORY

The above-entitled action was initiated in the Court of Common Pleas Philadelphia County on or about February 13, 2017.  Plaintiff filed a copy of his initial Complaint with the Court of Commons Pleas on May 1, 2017.  On May 23, 2017, the Union removed the case to this Court pursuant to federal question jurisdiction as Plaintiff has asserted a Section 301 hybrid action subject to complete preemption.  UPS was served with the Initial Complaint on May 22, 2017 and filed its Motion to Dismiss on June 12, 2017.  Plaintiff has also filed a Motion to Remand on June 22, 2017, which UPS opposed on July 6, 2017.  Plaintiff then filed the Amended Complaint on July 6, 2017, and UPS now files its timely Motion to Dismiss Plaintiff's Amended Complaint.

## III.    STATEMENT OF FACTS

For purposes of this Motion to Dismiss, as required under Rule 12(b)(6), UPS assumes the truth of the well-pleaded facts set forth in the Amended Complaint as they relate to Plaintiff's claims against UPS.[3]

According to the Amended Complaint, on or around July 29, 1996, Plaintiff was hired by Defendant, UPS, and joined Teamsters Local Union No. 623.  Plaintiff worked part-time until approximately 2002, when Plaintiff became a package driver.  Am. Compl. ¶ 6.  Plaintiff alleges that in Winter 2013, UPS's union contract with the Union was in negotiation along with a divisive change in health care benefits to a Teamster-managed TeamCare health insurance plan. *Id.* at ¶ 8.  Plaintiff claims that he made (and began wearing) a t-shirt, stating "Vote No" in

---

[3]    UPS nonetheless would deny many of Plaintiff's allegations, and reserves the right to dispute and litigate those allegations to the extent necessary in this action.

reference to the membership vote on the new contract with UPS.  *Id.* at ¶ 10.  Plaintiff also claims that he sold the t-shirt to hundreds of coworkers at Local 623.[4]  *Id.* at ¶ 11.

During Summer 2013, Plaintiff alleges he camped outside the UPS buildings and made "Vote No" signs and banners, which he alleges was contrary to Local 623's leadership.  *Id.* at ¶ 15.  Local 623 voted "No" on the contract, resulting in additional negotiations by the national Teamsters Union.  *Id.* at ¶ 17.  Following the first successful "No" vote on the national UPS contract, Plaintiff alleges that he formed a slate of seven (7) individuals to run for leadership of Teamsters Local 623, with Plaintiff at the top of the ticket.  Plaintiff advertised the ticket as "The Integrity Slate."  *Id.* at ¶ 18.

Local 623 prepared a new vote on the UPS contract, with minimal differences and Plaintiff and The Integrity Slate again made "Vote No" signs and banners.  *Id.* at ¶¶ 19-20.  Plaintiff alleges the Union sent various UPS employees "to various local chapters in order to strong-arm the members into voting 'Yes.'"  *Id.* at ¶ 19.  In October 2013, Local 623 again voted "No."  *Id.* at ¶ 21.  Rather than voting a third time, Plaintiff claims that the national Teamsters leadership changed the Constitution to allow the national leadership to adopt the new contract with UPS without a third vote by the local membership.  *Id.* at ¶ 22.

In advance of the local leadership election, Plaintiff alleges that he campaigned with The Integrity Slate, but lost by only 30 votes.  *Id.* at ¶¶ 23-24.  The Complaint alleges that following the election, Plaintiff experienced harassment when attempting to fix his allegedly incorrect paychecks, and, including around Spring 2014, when he was initially skipped over by the local leadership to be trained as a CDL Class A truck driver.  *Id.* at ¶ 26-27.

---

[4]   At this same time, Plaintiff alleges that he joined Teamsters for a Democratic Union ("TDU"), a dissident  slate within Teamsters (plaintiff identifies it as a "reform union") and became a nationally-recognized reform leader.  *Id.* at ¶¶ 12-13.  In this leadership role, Plaintiff claims he publically backed Fred Zuckerman, President of Teamsters Local 89 in Louisville, Kentucky for General President of Teamsters in his race against Jimmy Hoffa, Jr., the incumbent IBT President, whom Plaintiff identifies as a "union leader" – garnering much support.  *Id.* at ¶ 14.

Subsequently, while working as a CDL driver, Plaintiff claims that on April 17, 2015, Plaintiff stopped at the "Chesapeake House" rest stop on I-95 to use the bathroom. *Id.* at ¶¶ 29-30. Plaintiff alleges that he took a ten-minute break to talk to his co-workers Sal Falice and Sam Mendez. *Id.* at ¶¶ 30-31. Plaintiff alleges that after the ten-minute break, Mendez ran over to Plaintiff's truck and asked for a quarter. Plaintiff tossed Mendez a quarter and drove off. *Id.* at ¶ 32.

On or about April 22, 2015, Plaintiff was called into John Fiorentino's office, and accused of "stealing time" by not clocking out when Plaintiff stopped at the "Chesapeake House" rest stop on April 17, 2015. *Id.* at ¶ 34. Fiorentino also allegedly questioned Plaintiff concerning the quarter. *Id.* at ¶ 37. Plaintiff alleges he was terminated at the conclusion of the questioning. *Id.* at ¶ 38. Two weeks later, Plaintiff received a termination letter in the mail because of his "guilty knowledge with regards to equipment tampering and your failure to follow methods and procedures." *Id.* at ¶ 39.

Plaintiff claims that he filed two grievances (Nos. 9965 and 9966) regarding his termination. *Id.* at ¶ 43. He claims Grievance 9966 was never addressed and the Union never pursued it. *Id.* at ¶ 44. Grievance No. 9965 was allegedly addressed on May 1, 2015, although Plaintiff was not given a choice of who would represent him. *Id.* at ¶¶ 45-46. Plaintiff presented his case to the Hearing Panel, and was escorted off the premises by guards following the hearing. *Id.* at ¶¶ 46-50. Plaintiff contends the termination was upheld because of a "conspiracy" between UPS and Union representatives. *Id.* at ¶¶ 52-53. Thereafter, Plaintiff filed six more grievances concerning his termination and requesting to see the video of his bathroom break. *Id.* at ¶ 54. Plaintiff was shown the video, which Plaintiff claims shows him taking a ten-minute break, from 7:57 pm to 8:07 pm. *Id.* at ¶ 55. A second hearing regarding Plaintiff's termination

was held in Asheville, NC on May 19th and 20th, 2015, which Plaintiff attended.  *Id.* at ¶¶ 56-58, Ex. E.  Plaintiff alleges he offered a notarized statement letter from Bill Morris, a local union leader, into evidence, as well as some additional documentary evidence.  *Id.* at ¶¶ 58, 60-61, Exs. F, G and H.

By letter dated May 20, 2015, the committee upheld Plaintiff's termination.  *Id.* at ¶¶ 62-63, Ex. I.  Plaintiff asserts that he received the decision within several months of it being issued.  *Id.* at ¶ 63.  Plaintiff claims that he was terminated for his involvement with The Integrity Slate and his campaign to vote down the national UPS contract in clear violation of his Constitutional and statutory rights.  *Id.* at ¶ 66.

## IV.   ARGUMENT

### A.   Standard of Review

The Supreme Court has made clear that the federal pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nor may a plaintiff rely on "an unadorned, the-defendant- unlawfully-harmed-me accusation."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007)).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1950.

In evaluating a motion to dismiss under Rule 12(b)(6), courts typically will: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  *Santiago v. Warminster Twp.*, 629

F.3d 121, 129-30 (3d Cir. 2010).  The Court should not accept as true conclusory or unsupported

assertions that are not well-pleaded facts.  *Twombly*, 467 U.S. 752.

> **B.**  **Plaintiff's Wrongful Termination Claim Requires An Interpretation Of The CBA And Is Completely Preempted Under Section 301 Of The LMRA**

As with the Initial Complaint, Plaintiff's Amended Complaint – while titled "Wrongful

Termination" – asserts a breach of the CBA against UPS and breach of the duty of good faith and

fair dealing against Local 623.  Such claims are preempted under the LMRA as they require an

interpretation of the CBA.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)

(finding 29 U.S.C. § 185 provides that a suit for violation of a collective bargaining agreement,

may be brought "in any district court of the United States having jurisdiction of the parties,

without respect to the amount in controversy or without regard to the citizenship of the parties").

In fact, Section 301 will preempt any state law claim, whether it sounds in contract or in tort, if

the claims are "inextricably intertwined" with or are "substantially dependent" upon analysis of

the terms of a collective bargaining agreement.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202,

220 (1985); *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 369 (1990)

("[W]e have recognized that the pre-emptive force of § 301 extends beyond state-law contract

actions"); *see also Antol v. Esposto*, 100 F.3d 1111, 1121 (3d Cir. 1996) (upholding the

defendant's motion to dismiss and rejecting plaintiffs' argument that preemption of a state law

claim would discriminate against non-union employees); *Wheeler v. Graco Trucking Corp.*, 985

F.2d 108, 112-113 (3d Cir. 1993) (citations omitted).[5]

---

[5]    In a recent opinion, the Third Circuit affirmed UPS' preemption argument in a similar case involving interpretation of a CBA.  In *Hughes v. United Parcel Serv., Inc.*, a case involving Plaintiff's counsel, plaintiffs attempted to bring suit based on claims arising from a CBA in the Court of Common Pleas of Philadelphia County. *Hughes v. United Parcel Serv., Inc.*, No. 14–3822, 2015 WL 1021312 (E.D. Pa. Mar. 6, 2015).  Teamsters successfully removed the case to this Court and Defendants moved to dismiss based in part on Section 301 preemption.  Judge Surrick granted UPS and Teamsters' motions to dismiss finding plaintiffs' claims were preempted by Section 301 and, therefore, time barred.  *Id.* at *7.  The Third Circuit affirmed, holding, "Section 301

8

In this case, Plaintiff's wrongful termination claim under Pennsylvania law is entirely dependent on an interpretation of the CBA because, as a union employee, he is protected under the CBA. *Henderson v. Merck & Co.*, 998 F. Supp. 532, 540 (E.D. Pa. 1998) (finding the plaintiff's claim was preempted where it required an interpretation of the CBA); *see also Carpenter v. Wawa*, No. 09-2768, 2009 WL 4756258, at *2 (E.D. Pa. Dec. 3, 2009) (finding plaintiff's wrongful termination claim required an interpretation of the CBA and was, therefore, completely preempted under the LMRA); *Furillo v. Dana Corp. Par. Div.*, 866 F. Supp. 842 (E.D. Pa. 1994) (finding former employee's state law defamation claim against employer was preempted by LMRA, where resolution of claim would require interpretation of collective bargaining agreement); *Durrette v. UGI Corp.*, 674 F. Supp. 1139 (M.D. Pa. 1987) (claims for defamation and infliction of emotional distress challenging employer's having accused plaintiff of too many unexcused absences were intertwined with circumstances surrounding employee's termination and thus preempted by LMRA since discharge was governed by collective bargaining agreement); *Schultz v. EMR, SPC*, No. 14-5683, 2015 WL 746395, at *4 (E.D. Pa. Feb. 20, 2015) (finding plaintiff's Complaint alleged wrongful termination based on breach of the CBA, and therefore, the court had subject matter jurisdiction over plaintiff's claims on removal). Thus, as a member of Local 623, a union employee whose terms and conditions of employment are governed by the CBA, it is pursuant to this CBA that Plaintiff would have any claims as to his allegedly wrongful termination – under the "just cause" provision, which requires UPS to establish just cause for discharge from employment.

In fact, according to Plaintiff, Defendants made false claims about him, which he contends constituted a breach of the CBA. Am. Compl. ¶¶ 73, 77. Thus, the fundamental

---

completely preempts state-law claims that require interpretation of CBAs." *Hughes*, 639 F. App'x 99, 103 (3d Cir. Feb. 1, 2016) (citations omitted).

argument underlying Plaintiff's state law claim is that by terminating Plaintiff "without just and/or proper cause and in retaliation for the negative nationwide publicity and the substantially great workload caused by the 'Vote No' movement including stress and additional rounds of negotiation," the Complaint alleges Defendants "breached the Collective Bargaining Agreement." *Id.* at ¶ 77.  This claim revolves around why and how UPS terminated Plaintiff's employment and directly implicates the terms of the CBA.  Therefore, in order to resolve Plaintiff's claims regarding the circumstances of his discharge, the CBA, which contains clauses specifically relating to discharge, will have to be interpreted.  Plaintiff is not asserting independent state law rights that do not require interpretation of the CBA.  *Henderson*, 998 F. Supp. at 540.

Plaintiff also alleges that he attended a hearing on his grievance/appeal regarding his termination, but that despite the allegedly redeeming evidence he provided, his termination was upheld.  Am. Compl. ¶¶ 56-64.  Consequently, alleging that UPS breached the CBA when it terminated him, and alleging that Defendant Local 623 failed to address Plaintiff's grievances (*See* Am. Compl. ¶¶ 44, 73-77), which is most certainly an allegation that Local 623 breached the duty of fair representation in its representation of Curry in the grievance process, constitutes a federal claim that is completely preempted under the LMRA.  *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) ("Ordinarily, an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' section 301/duty of fair representation suit"); 29 U.S.C. § 185.

As the Supreme Court has made clear, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a

labor organization." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) (internal citation omitted); *see also Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1536 (3d Cir. 1992) ("Supreme Court precedent unequivocally instructs us to resolve disputes concerning collectively bargained labor agreements pursuant to federal labor law rather than state law.").   The purpose of federal preemption in this area is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

Thus, it is well established these state law claims must be resolved by application of federal substantive law – and, specifically, must be resolved under Section 301.   *See, e.g., DelCostello*, 462 U.S. at 164.   Accordingly, state law claims dependent upon the collective bargaining agreement ***should either be dismissed or treated as Section 301 claims***:

> We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, *see Avco Corp. v. Aero Lodge 735*, 390 U.S. 557 . . . (1968), or dismissed as pre-empted by federal labor-contract law.

*Allis-Chalmers*, 471 U.S. at 220.

As before, it is clear from the Amended Complaint that Section 301 of the LMRA governs the Plaintiff's alleged wrongful termination.   The only contract the Amended Complaint cites is the CBA between Curry and the Defendants.   Thus, in order to evaluate Plaintiff's claims, the Court must necessarily interpret provisions of the CBA.   *See Carpenter*, 2009 WL 4756258, at *2. Plaintiff's "wrongful termination" claim requires an interpretation of the CBA and is unquestionably subject to complete preemption.

### C.     Because Plaintiff's Claims Are Completely Preempted, This Court Should Dismiss The Complaint With Prejudice

#### 1.     This Court Should Dismiss Plaintiff's Claim Against UPS Because It Is Time-Barred

As Plaintiff (and Plaintiff's counsel) is well aware at this point of the litigation, the statute of limitations on a "hybrid" Section 301 claim is six months.  *DelCostello*, 462 U.S. at 171-72; *Williams v. Chrysler Corp.*, No. 98-7108, 1998 WL 871026, at *3 (3d Cir. Dec. 16, 1998)  ("The Supreme Court has ruled that the statute of limitations for [Section 301] actions is six months.").  Further, Plaintiff's claim is time-barred under the statute.

As the court in *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990) explained:

> The six month period commences when the ***claimant discovers, or in the exercise of reasonable diligence should have discovered***, the acts constituting the alleged violation.  *Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986) (quoting *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, 464 U.S. 1070 ... (1984).  Therefore, where an employee sues a union for breach of its duty of fair representation, the limitations period commences when 'the plaintiff receives notice that the union will proceed no further with the grievance.  *Hersh*, 789 F.2d at 232 (quoting *Bruch v. United Steelworkers of America*, 583 F. Supp. 668, 670 (E.D. Pa. 1984)).  Even if there has been no explicit notice, the statute of limitations begins to run when the futility of further union appeals becomes apparent or should have become apparent."  *Scott v. Local 863, International Brotherhood of Teamsters*, 725 F.2d 226, 229 (3d Cir. 1984).

*Vadino*, 903 F.2d at 260 (emphasis added) (internal quotations omitted).  Specifically, this six-month period commences "when the claimant discovers ***or in the exercise of reasonable diligence should have discovered***, the acts constituting the alleged violation."  *Hersh*, 789 F.2d at 232 (emphasis added).

Even assuming all inferences in Plaintiff's favor, the Amended Complaint – and Plaintiff's admissions – demonstrates that Plaintiff failed to timely file a Complaint.[6]  In fact, in *Curry I* Plaintiff agreed that he failed to allege any facts showing that he brought his claims within the applicable six-month statute of limitations and conceded that "Plaintiff's Complaint should then be dismissed."  *See* Civ. A. No. 16-04482, Doc. No. 37 at 7; *see also DelCostello*, 462 U.S. at 171-72; *Williams*, 1998 WL 871026, at *3.  Moreover, Plaintiff admits in his recent filing "if this Honorable Court holds Plaintiff's claim LMRA preempted, Plaintiff ***concedes dismissal of his Complaint secondary to the LMRA six-month statute of limitations***."  Doc. No. 19, at p. 4 (emphasis added).  Accordingly, Plaintiff's claim indeed should be dismissed with prejudice.[7]

2. This Court Should Dismiss The Amended Complaint Because As A Union Employee Subject To A Collective Bargaining Agreement, Curry Cannot Assert A Cause Of Action For Wrongful Termination

Under Pennsylvania law, it is well established that an employee covered by a collective bargaining agreement cannot bring a cause of action for wrongful discharge.  *Lohman v. Borough*, No. 3:05-CV-1423, 2007 WL 4260943, at *15 (M.D. Pa. Nov. 29, 2007) (holding as the plaintiff was "subject to the terms of the Collective Bargaining Agreement, he has no cause

---

[6] The dismissal of the federal court action and attempt to resuscitate the action in state court does not cure this defect – indeed, the further delay only exacerbates it.  While Plaintiff does not specify when he became aware that his grievance was denied by the joint grievance committee, he admits that he received a copy of the denial letter within "several months" of its issuance on May 20, 2015.  *See* Am. Compl. ¶ 63.  Even assuming Plaintiff received notice within three months (or even one year) from the decision dated May 20, 2015, his claim, now filed almost two years later, on February 13, 2017, would still be time-barred.  "[I]t is well-settled that the voluntary dismissal of a complaint does not toll a statute of limitations, but, instead, leaves the parties in the position they were in prior to the filing of the original complaint."  *See Allen v. Nat'l R.R. Passenger Corp.*, No. 03-CV-3497, 2004 WL 2830629, at *5 (E.D. Pa. Dec. 7, 2004); s*ee also Cardio-Medical Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well-recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice.").

[7] Even had Plaintiff set forth sufficient allegations regarding the timeliness of his claim, the claim would also fail for the additional reason that Plaintiff has not alleged – and, in fact, cannot demonstrate – that UPS breached the terms of the CBA, an essential element of any Section 301 claim.  Plaintiff also cannot establish a viable claim under Section 301 because  he  has not alleged, and cannot demonstrate, that the Union breached its duty of fair representation, another essential element of any Section 301 hybrid claim.  *DelCostello*, 462 U.S. 164-65.

of action for wrongful discharge") (citing *Phillips v. Babcock & Wilcox*, 503 A.2d 36 (Pa. Super. Ct. 1986)).  Plaintiff in this case admits he was not an at-will employee as his employment was covered by the Collective Bargaining Agreement ("CBA") at all relevant times.  *See* Am. Compl. ¶¶ 65-74 (explaining CBA governed Plaintiff's relationship with Defendants).  Further, Plaintiff specifically claims, "Defendants breached the Collective Bargaining Agreement when they fired Plaintiff without just and/or proper cause . . . . "  Am. Compl. ¶ 72.  As such, Plaintiff's claim must be dismissed with prejudice.

In *Phillips v. Babcock & Wilcox*, which relied heavily on the Pennsylvania Supreme Court decision in *Geary v. U.S. Steel Corp.*, 319 A.2d 174 (Pa. 1974), the court considered "whether a civil action for the tort of wrongful discharge c[ould] be maintained by a union employee whose employment relationship is governed by a collective bargaining agreement." *Phillips*, 503 A.2d at 36.  The court held such an employee ***could not*** because "an action for the tort of wrongful discharge is available ***only when the employment relationship is at will***." *Id.* at 37-38 (emphasis added).  *But see* Am. Compl. ¶ 71 ("Plaintiff ***was not an at-will employee***") (emphasis added).  The court noted that a union employee was not without recourse, even when the discharge violated public policy.  *Phillips*, 503 A.2d at 37-38.  The collective bargaining agreement would provide protection in such a case.  *Id.*  Furthermore, the court held that public policy favors the right of parties to enter contracts, including collective bargaining agreements, whereby the parties determine the remedies that would be available.  *Id.*

Here, as in *Phillips*, Plaintiff was clearly protected by the terms of the CBA; Plaintiff pursued the remedy of the grievance procedure.  Much like *Phillips*, which provided that the employee could not be discharged without "proper cause," Plaintiff cannot maintain his cause of action for wrongful discharge as he was terminated for "just cause" following a hearing on

Plaintiff's grievance pursuant to the terms of the CBA.  *Compare Phillips*, 503 A.2d at 37, *with* Initial Compl. Ex. A (stating Curry was discharged per the Collective Bargaining Agreement for "just cause").

Numerous courts have followed *Phillips* in holding that employees subject to a collective bargaining agreement may not bring a wrongful discharge claim in Pennsylvania.  *See, e.g.*, *Coppola v. Jneso-Pocono Med. Ctr.*, 400 F. App'x 683, 684 (3d Cir. 2010) (holding the legal position that "union employees subject to collective bargaining agreements may not pursue wrongful discharge claims against former employers also is well established in Pennsylvania law"); *Pekar v. U.S. Steel/Edgar Thomson Works*, No. 09-844, 2010 WL 419421, at *10 (W.D. Pa. Jan. 29, 2010) (holding "tort of wrongful discharge does not extend to union employees covered and protected by a CBA"); *Lohman*, 2007 WL 4260943, at *15; *Ferrell v. Harvard Indus., Inc.,* No. 00-2707, 2001 WL 1301461, at *9 (E.D. Pa. Oct. 23, 2001) (holding plaintiff "benefitted from a collective bargaining agreement, and thus falls squarely within the *Phillips* holding"); *Ross v. Montour R. Co.*, 516 A.2d 29, 32 (Pa. Super. Ct. 1986) (finding at the time appellant was terminated, he was protected under a CBA and, as such, could not bring a wrongful termination claim against his former employer).

As the Plaintiff in this case is not an at-will employee, and is subject to the terms of the CBA, he has no cause of action for wrongful discharge, and UPS's Motion to Dismiss should be granted with prejudice on this claim.[8]

---

[8]    Even if Plaintiff were an at-will employee, which he is not, his claim for wrongful discharge still fails. Pennsylvania firmly adheres to the at-will doctrine under which, unless restricted by a contract, an employer may terminate an employee for any reason.  *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 286 (Pa. 2000).  As such, in Pennsylvania, there is no common law cause of action against an employer for termination of an at-will employment relationship.  *See, e.g., Krajsa v. Keypunch, Inc.*, 622 A.2d 355 (Pa. Super. Ct. 1993) (employee terminated after complaining about employer's allegedly unlawful business practices had no cause of action where he failed to show how any Pennsylvania statute or constitutional provision applied to his case); *Spierling v. First Am. Home Health Serv., Inc.*, 737 A.2d 1250, 1254 (Pa. Super. Ct. 1999) (no wrongful discharge claim where employee was fired after searching discarded files for evidence of Medicare fraud and reporting such fraud to

## V.   REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND LOCAL CIVIL RULE 83.6.1

UPS additionally moves for sanctions against attorney Weisberg under 28 U.S.C. § 1927 and Local Civil Rule 83.6.1 for the significant delay, frivolous amendments, and procedural improprieties in this action and the previous action instituted in this Court. Through this request, UPS is seeking dismissal of the action with prejudice, costs and attorneys' fees associated with the filing of the current Motion, and any additional relief this Court deems proper.

The Third Circuit has stated that the "principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *In re Prudential Ins. Co. of Am. Sales Practices Lit.,* 278 F.3d 175, 188 (3d Cir. 2002).   In order for the court to impose sanctions, the moving party must prove four elements:  "(1) [the attorney] multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Id.*; *see also Zambelli Fireworks Mfg. Co. v. Wood*, No. 2:08–cv–415, 2010 WL 4672357, at *7 (W.D. Pa. Nov. 9, 2010) (explaining the moving party has the burden).

Local Civil Rule 83.6.1 is the Eastern District's local counterpart to Section 1927 and prohibits an attorney from presenting the court with motions that will "otherwise so multiply the proceedings in a case as to increase unreasonably and vexatiously the costs thereof."  L.R. 83.6.1.  Because Local Civil Rule 83.6.1 "tracks the language of Section 1927," courts also require the moving party to prove bad faith in order to impose sanctions.

---

investigators); *Geary,* 319 A.2d at 180 (no wrongful discharge claim where employee complained to superiors about substandard and potentially unsafe quality of employer's product); *Hunger v. Grand Cent. Sanitation*, 670 A.2d 176, 176 (Pa. Super. Ct. 1996) (no wrongful discharge claim where employee reported unsubstantiated suspicion that employer violated Solid Waste Management Act), *appeal denied*, 681 A.2d 178 (Pa. 1996).

*See Cintron Beverage Grp., LLC v. Depersia*, No. 07-3043, 2008 WL 1734184, at *2 (E.D. Pa. Apr. 14, 2008).

Bad faith can be found "not only in the initiation of a lawsuit but also in the conduct of the litigation." *Campana v. Muir*, 615 F. Supp. 871, 874 (M.D. Pa. 1985). Within the Third Circuit, courts define bad faith as "the intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986); *Baker Indus. Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985) (defining bad faith as "violative of recognized standards in the conduct of litigation"); *Loftus v. Se. Pa. Transp. Auth.*, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998) ("When a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense, bad faith can be implied.").

Should the moving party satisfy its burden, the court is entitled to hold attorneys liable for costs, expenses and fees of their opponents that have been incurred "because of such conduct." *See* 28 U.S.C. § 1927; *Prudential*, 278 F.3d at 188. However, a district court "may [also] award fees and costs for the entire course of proceedings when it appears that the entire action was unwarranted." *Woods v. Adams Run Assocs.*, No. 96-6111, 1997 WL 256966, at *4 (E.D. Pa. May 13, 1997).

Courts within the Third Circuit have awarded sanctions in situations where, like here, a party has notice of its meritless claim and continues to pursue it. For example, in *Ally Financial*, this Court granted the defendant's motion for sanctions pursuant to Section 1927 and Local Civil Rule 83.6.1 because the plaintiff's "filings in this action are frivolous and entirely based on explicitly repudiated grounds, and, as a result, these filings have

17

unnecessarily multiplied the litigation." *Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*, No. 11-7709, 2012 WL 4473240, at *9 (E.D. Pa. Sept. 28, 2012).   Similarly, in *Matthews v. Freedman*, this Court awarded attorneys' fees under Section 1927 because of the attorney's continued persistence of litigating a time barred claim, despite defendant's counsel notifying plaintiff's counsel that they would be pursuing a statute of limitations defense.   *Matthews v. Freedman*, 128 F.R.D. 194, 207 (E.D. Pa. 1989).   The court concluded that plaintiff's counsel acted in bad faith by continuing to pursue such a claim. *Id.*

Here, Plaintiff's counsel has unreasonably multiplied the proceedings by continuing to file actions and amend complaints all tethered to a time-barred claim.  Further, counsel's actions smack of bad faith as his stale arguments have been repudiated repeatedly and yet counsel continues to multiply the proceedings by continuing to litigate with no variation in the factual and legal support.  Plaintiff's cited case law does not support a non-frivolous argument to extend or modify the well-established precedent in this Circuit and permit this Court to interpret his claim solely under state law, and there is no such argument to be made based on the alleged facts.  Instead, Plaintiff has simply delayed and needlessly increased the cost of litigation by pursuing multiple extensions, requests to amend, and legal theories, which are unsupported under the law or a reasonable extension thereof.

Like the counsel in *Matthews*, before filing this Amended Complaint, Plaintiff's counsel received explicit notice on *at least three occasions* that UPS would be pursuing a statute of limitations defense:  (1) UPS's Motion to Dismiss Initial Complaint (filed September 19, 2016 in Civ. A. No. 16-04482, Dkt. No. 14); (2) UPS's Motion to Dismiss Initial Amended Complaint (filed December 9, 2016 in Civ. A. No. 16-04482, Dkt. No. 32); and (3) UPS's

Motion to Dismiss Initial Complaint (filed June 12, 2017 in the present action, Dkt. No. 8). This, coupled with Plaintiff's admission that the claim is time barred, is a flagrant disregard for the rules of the Court and the justice system.   Plaintiff has wasted the Court's as well as Defendants' time and money through blatant forum shopping and misdirection, all whilst pursuing a claim that is time-barred. As a result, UPS requests the fees and expenses of UPS's counsel for bringing this Motion.

## VI.   <u>CONCLUSION</u>

For all the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiff's Amended Complaint in its entirety, and enter judgment in favor of Defendant UPS and against Plaintiff.   Defendant further requests the Court award UPS the fees and expenses of UPS's counsel for bringing this Motion and any other relief this Court deems proper.

Respectfully submitted,


*/s/ Gary M. Tocci*
Gary M. Tocci, Esq.
Molly Q. Campbell, Esq.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
P: (215) 241-7953

*Counsel for Defendant*
*United Parcel Service, Inc.*

Dated:  July 17, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ROBERT CURRY,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED PARCEL SERVICE, INC.,<br>TEAMSTERS LOCAL 623,<br><br>                    Defendants. | Civil Action No. 2:17-cv-02331-GJP |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Defendant United Parcel Service, Inc. electronically filed a Motion to Dismiss on July 17, 2017, and they are available for viewing and downloading from the federal court's Electronic Case File system.  A copy of the foregoing has been served via ECF today upon the following counsel:

Matthew B. Weisberg, Esq.
Weisberg Law, PC
7 S. Morton Avenue
Morton, PA 19070

*Attorney for Plaintiff*

Neal Goldstein, Esq.
PA Attorney I.D. No. 17589
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2530

*Attorney for Defendant*
*International Brotherhood of Teamsters, Local 623*


*/s/ Gary M. Tocci*