## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            :
**ROBERT CURRY**                            :
                                            :     Civil Action No. 17-2331
                   Plaintiff,               :
                                            :
              vs.                           :
                                            :
**UNITED PARCEL SERVICE, INC**              :
                                            :
              AND                           :
                                            :
**TEAMSTERS LOCAL 623**                     :
                                            :
                   Defendants,              :
_____:

## DEFENDANT, TEAMSTERS LOCAL 623's, BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Defendant, Teamsters Local 623 ("Union" or "Local 623") moves this Honorable Court for the entry of sanctions against Attorney Matthew Weisberg, Esquire, pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), and in accordance with 28 U.S.C. § 1927, and Local Civil Rule 83.6.1.

## I.      PROCEDURAL HISTORY

On August 15, 2016, Plaintiff, Robert Curry (hereinafter "Curry"), initiated an action against the Defendants – Teamsters Local 623 (hereinafter "Local 623") and United Parcel Service (hereinafter "UPS") by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania. (See Civ. A. No. 16-04482). Curry, a former employee of UPS and member of Teamsters Local 623 pled three counts in connection with his discharge in April

2015: Count I- Wrongful termination, Count II- First Amendment Retaliation, Count III – Breach of Contract/ Breach of Duty of Fair Representation.

On or about September 15, 2016, Local 623 filed a Motion to Dismiss the Complaint in Civ. A. No. 16-04482 for failure to state a claim upon which relief can be granted. UPS also filed a motion to dismiss. Attorney Weisberg sought more time to respond but did not respond. UPS and Local 623 filed motions to treat the motions to dismiss as unopposed.  Attorney Weisberg filed an opposition on November 1, 2016. On November 28, 2016, he sought to amend the complaint. In ECF 30 Attorney Weisberg's request to amend was granted by the Court. Plaintiff abandoned the first two counts of the complaint and maintained only the third count for breach of CBA/Breach of duty of fair representation. In ECF 37, page 7, filed by Attorney Weisberg on January 11, 2017, he admitted that the complaint was filed after the expiration of the statute of limitations:

> To the extent this Honorable Court holds Plaintiff's claim in wrongful termination subject to the six-month statute of limitations, Plaintiff agrees this Court bound by United States Supreme Court precedents – Plaintiff's Complaint should then be dismissed (but for Plaintiff's objection for the purpose of preservation). To the extent this Court holds Plaintiff's putative cause in wrongful termination subject to the two-year Pennsylvania statute of limitations, Plaintiff respectfully requests leave to amend merely to substitute Count I's heading as merely comprising a theory of liability thereunder a claim for wrongful termination.

   [Case no. 16-cv-04482, ECF 37 at 7.]

To this, Local 623 responded that Curry had conceded that the complaint was filed beyond the expiration of the statute of limitation, and Local 623 objected to Attorney Weisberg's request to reinstate the wrongful termination count, which he had abandoned in November 2016.[1] On

---

[1] In Pennsylvania, wrongful termination claims cannot even be brought by a unionized employee; such a claim may only be brought by an at-will employee. See Cifemi v. Day & Zimmerman, Inc., 529 F. App'x 199, 203 (3d Cir.2013)

January 24, 2017, before the Court had ruled, Attorney Weisberg filed a notice of voluntary dismissal.

Curry then refiled a nearly identical complaint in the Philadelphia Court of Common Pleas alleging "wrongful discharge" under the just cause provision of the CBA on May 1, 2017.[2] The complaint was not served on Local 623 until May 30, 2017.    Local 623 learned that the complaint had been filed before service was made, and immediately filed a Notice of Removal upon reviewing the complaint and noting that it was a hybrid Section 301 claim.[3] As a hybrid Section 301 action, Curry's case is completely preempted under federal labor law. Notably, in Curry's amended complaint in the current iteration of this matter, Civ. A. No. 17-02331, ECF 16, Curry alleges wrongful discharge under the terms of the Union collective bargaining agreement, and admits that Curry is not an at-will employee. See ECF 16 ¶ 71. Moreover, a complainant only has six months to file a Section 301 complaint, *and it was therefore filed well beyond the statute of limitations, as Attorney Weisberg well knows*.

Upon removal to this Court, Local 623 again filed a Motion to Dismiss. Attorney Weisberg contended that Curry's case should be in state court. He then amended.  The amendments were of no consequence and seemed designed only to prolong the litigation. Local 623 then again filed a Motion to Dismiss. Despite that on the very face of the allegations this case is preempted, Attorney

---

("Pennsylvania courts consistently have held, however, that those common law wrongful discharge suits cannot be brought by union employees subject to a CBA."); see also Coppola v. Jneso-Pocono Med. Ctr., 400 F. App'x 683, 684 (3d Cir.2010) ("[U]nion employees subject to collective bargaining agreements may not pursue wrongful discharge claims against former employers."); see also Siler v. Cmty. Educ. Centers, Inc., No. CIV.A. 14-5019, 2014 WL 4931291, at *4 (E.D. Pa. Oct. 2, 2014) (dismissing claim of wrongful termination because plaintiff is a union member). As a union member, Curry was not an at-will employee, and therefore he cannot state a claim for wrongful termination under Pennsylvania law.

[2] Curry again acknowledges that he is not an at-will employee, and grounds the complaint in the collective bargaining agreement. In Pennsylvania a claim of wrongful discharge is only available to at-will employees.

[3] Section 301 of the LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Weisberg still argues that his case must be decided in state court, on a claim for which the precedent is decidedly not in his favor. In his reply to support his motion to remand, Attorney Weisberg again admits his 301 case is untimely, but claims that he raises a novel equal protection argument, contending that unionized employees should be treated no differently from non-union employees, because doing so violates the Fourteenth Amendment. Not only does he allege no state action, which is required for such an allegation, but the Third Circuit has considered whether equal protection is violated in the context of Section 301 and related state litigation, and has rejected such a claim. See Klavan v. Crozer-Chester Med. Ctr., 60 F. Supp. 2d 436, 441 (E.D. Pa. 1999)(liability will attach only if it can be said that the state is responsible for the specific conduct); Antol v. Esposto, 100 F.3d 1111, 1121 (3d Cir. 1996), amended, (3d Cir. 1997)("Plaintiffs also contend that preemption…amounts to discrimination against those covered by collective bargaining agreements…Although that argument has some surface appeal, it fails to acknowledge the existence of compensating factors when federal law governs employment").

Consequently, Local 623 has been forced to defend the Union in this litigation at great expense for nearly a year under Attorney Weisberg's two fatally flawed theories: first Section 301, for which he pursued a claim under an admittedly expired statute of limitations, and secondly wrongful discharge, under the terms of a collective bargaining agreement, which is a common law claim simply unavailable to his client because there was a collective bargaining agreement and his client was not an at-will employee when he was employed by UPS and represented by Local 623. Attorney Weisberg has further managed to prolong this frivolous litigation by his repeated irrelevant amendments, repetitively seeking additional time to file and then not filing, and then voluntarily dismissing and refiling the exact same case in state court, when clearly this Court has

federal question jurisdiction. For all of these reasons Local 623 seeks sanctions against Attorney Weisberg.

## II.   ISSUE

### A.   WHETHER RULE 11 SANCTIONS SHOULD BE ASSESSED AGAINST PLAINTIFF'S COUNSEL FOR FILING MULTIPLE FRIVOLOUS COMPLAINTS?

Suggested Answer: Yes

## III.   ARGUMENT

This Honorable Court should assess sanctions under 28 U.S.C.A. § 1927 against Plaintiff's Attorney Matthew Weisberg for repeatedly filing frivolous papers, namely the multiple Complaints which were filed beyond the statute of limitations for Section 301 cases, and under a common law theory that is unavailable to his client. Section 301 completely preempts Curry's claims under federal labor law. Moreover, as a union employee who is not at-will, Curry simply cannot state a claim under Pennsylvania law for wrongful discharge.

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

[Fed R. Civ. P 11(b).]

Rule 11(b) holds that any court document signed by an attorney carries with it his assurance that after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension modification or reversal of existing law. Fed. R. Civ. P. 11(b). Rule 11 sanctions are warranted "only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988) A district court must look objectively as to whether the imposition of sanctions would be reasonable under the circumstances. Barley v. Fox Chase Cancer Ctr., 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014). To impose sanctions, the Court must find that counsel has

(1) multiplied the proceedings;
(2) in an unreasonable and vexatious manner;
(3) thereby increasing the cost of the proceedings; and
(4) did so in bad faith or by intentional misconduct.

[In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir.2002).]

The rule imposes a duty on client and counsel to "Stop, Think, Investigate and Research" before filing papers with the court. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Sanctions are to be imposed on the signer and/or the unrepresented party when submissions do not comply with the requirements of the rule. Fed. R. Civ. P. 11.

Moreover, in federal court sanctions are warranted when an attorney "…so multiplies the proceedings in any case unreasonably and vexatiously" and provides that the attorney "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

reasonably incurred because of such conduct." 28 U.S.C.A. § 1927 (2017). Sanctions are warranted when an individual exhibits a deliberate indifference to obvious facts. See Bautista v. Star Cruises, 696 F. Supp. 2d 1274, 1279 (S.D. Fl. 2010)(granting defendant's motion for Rule 11 sanctions where plaintiff's request for relief was not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law and plaintiffs' counsel showed a deliberate indifference to obvious facts). Likewise, Local Civ. R. 83.6.1 similarly provides, "No attorney shall… otherwise so multiply the proceedings in a case as to increase unreasonably and vexatiously the costs thereof."

The courts "retain jurisdiction after the entry of final judgment and the filing of a notice of appeal to adjudicate collateral matters such as attorneys' fees, costs and sanctions." In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 n. 8 (3d Cir.2008).

Rule 11(c) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed.R.Civ.P. 11(c). In choosing an appropriate sanction, courts should impose a punishment which at a minimum "serve[s] to adequately deter the undesirable behavior." Zuk v. E. Pa. Psych. Inst. of the Med. College of Pa., 103 F.3d 294, 301 (3d Cir. 1996). "Although sanctions may properly include an award of counsel fees and expenses to the adversary, the prime goal should be deterrence of repetition of improper conduct, and an award of counsel fees or other monetary sanction should not automatically be the sanction of choice." Waltz v. County of Lycoming, 974 F.2d 387, 390 (3d Cir. 1992). **Permissible sanctions thus include not only fee-shifting and monetary penalties to be paid into the court, but also**

reprimands, orders to undergo continuing legal education, and referrals to disciplinary authorities.  See Morrow v. Blessing, 2004 WL 2223311, at *8 (E.D. Pa. 2004) (citing Zuk, 203 F.3d at 301).

Here, Local 623 contends that Attorney Weisberg has violated Rule 11, requiring the imposition of sanctions, by filing multiple complaints, which are completely preempted by federal labor law and were filed well beyond the statute of limitations for such cases, and alternatively for filing a complaint with no basis under state law, namely that unionized employees can state a cause of action for wrongful discharge under Pennsylvania state law. Not only has Attorney Weisberg admitted that the complaint was filed well beyond the statute of limitations, but Pennsylvania precedent is clear that only at-will employees can file a case for wrongful termination under state law. See Phillips v. Babcock & Wilcox, 349 Pa. Super. 351, 355, 503 A.2d 36, 38 (1986); Denillo v. Starwood Hotels & Resorts Worldwide, Inc., No. 1412 WDA 2013, 2014 WL 10919357, at *3 (Pa. Super. Ct. June 24, 2014)("Pennsylvania law squarely forecloses all claims pleaded in the amended complaint. Appellant cannot sue for wrongful termination because he was a union employee").

Even the most cursory review of the law should have revealed to Attorney Weisberg that the causes of action he asserts are barred by the statute of limitations and are not supported by the law.

### The LMRA Claim was Filed under an Expired Statute of Limitations

Plaintiff's claim for Breach of Contract/Breach of the duty of fair representation is governed by Section 301 of the Labor management Relations Act, and is precluded by the applicable statute of limitations. Such a claim is subject to a six month statute of limitations.  See Del Costello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983). A claim accrues when the union commits an alleged contract breach by failing to represent a member. Vadino v. A. Valey

Engineers, 903 F.2d 253, 260 (3d Cir. 1990). The Third Circuit has held that the limitations period begins to run when the plaintiff knows or reasonably should have known of the acts contributing to the union's wrongdoing in failing to adequately represent the member's interests. Id.

Here, Plaintiff has admitted that the lawsuit was not timely filed. Nevertheless, Plaintiff filed the Complaint in the first case, Case no. 16-04482, nine months after the expiration of the statute of limitations. Knowing full well that his case would be dismissed because of this defect, Attorney Weisberg first sought to amend, then voluntarily dismissed and brought the same case in state court. Curry's claim is completely preempted by federal labor law because resolution of the claim requires interpretation of the CBA. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164 (1983).

Based upon the foregoing, Attorney Weisberg should have determined that the LMRA claim was filed well beyond the statute of limitations. Notwithstanding this fact, Local 623 has been required to incur costs and fees to defend this frivolous cause of action. As such, Local 623 seeks sanctions including but not limited to an award of attorneys' fees which were incurred as a result of defending the frivolous matter filed by Attorney Weisberg.

## IV.   **CONCLUSION**

Local 623 has been forced to incur significant costs and fees responding to and defending against two separate Complaints before this Court and in state court, based upon the same frivolous claims, which lack any support under the law. Based upon the foregoing, Local 623 seeks sanctions including but not limited to dismissal of Plaintiff's case and an award of attorneys' fees and costs which were incurred as a result of defending Plaintiff's frivolous matter. For the foregoing reasons, Defendant respectfully request that this Court enter an Order of sanctions against Attorney Weisberg and award to Defendant the reasonable attorneys' fees, costs and expenses incurred in

responding to the instant action and such other and further relief that this court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
| _____/S/ Neal Goldstein_____ | _____/S/ Lisa Leshinski_____ |
| NEAL GOLDSTEIN | LISA LESHINSKI |
| PA Attorney I.D. No. 17589 | PA Attorney I.D. No. 201159 |
| 1601 Market Street, Suite 1500 | 1601 Market Street, Suite 1500 |
| Philadelphia, PA  19103 | Philadelphia, PA  19103 |
| (215) 931-2530 | (215) 931-2557 |

Attorneys for Defendant International Brotherhood of Teamsters, Local 623

Dated:  July 19, 2017