# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:   17-2331 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2017, upon consideration of Defendants' Motions to Dismiss with Requests for Sanctions, and Plaintiff's Omnibus Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motions are DENIED.

**AND IT IS SO ORDERED.**

_____
The Honorable Gerald J. Pappert          ,J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:  17-2331 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS WITH REQUESTS FOR SANCTIONS**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendants' Motions to Dismiss with Requests for Sanctions.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:   17-2331 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS WITH REQUEST FOR SANCTIONS**

**I.    Procedural Posture**

In Curry I, Plaintiff voluntarily dismissed the action (pursuant to FRCP 41) towards state court filing – which dismissal without prejudice was in any event pre-voluntary dismissal requested of Plaintiff to this Honorable Court (upon conclusion that Plaintiff's claim stated solely a state law remedy for which there exists no federal jurisdiction).  As having been rendered a nullity by Plaintiff's voluntary dismissal – granted to Plaintiff as of right pursuant to FRCP 41 – Curry I cannot form the basis for any instant adjudication let alone sanctions (and any reference thereto should be stricken). Adams v. USAA Casualty Ins. Co., No. 16-3382 (C.A.8 July 25, 2017).

Thereafter Plaintiff's voluntary dismissal of Curry I, Plaintiff instituted his action before the Court of Common Pleas of Philadelphia County via Writ of Summons.  On May 23, 2017, Teamsters' removed the Complaint to this Honorable Court under the guise of federal preemption.

To date, neither Defendants have filed a state court acknowledgement of removal – rendering Defendant, Teamster's removal defective:  requiring remand. 28 U.S.C. § 1446(d).

Likewise, to date, Co-Defendant, UPS' has not filed its consent to removal: defeating the unanimity requirement – respectfully requested as also requiring remand. Id., at § 1446(b)(2)(A).

Thereafter Teamsters' removal, Defendants respectively filed their Motions to Dismiss. Likewise, Plaintiff filed his Motion to Remand.

In response to Defendants' Motions to Dismiss, Plaintiff filed an Amended Complaint (mooting Defendants' motions) – which Complaint conforms to federal practice (as opposed to the removed state court Complaint).

On July 17, 2017, Defendants' renewed their Motions to Dismiss – with requests for sanctions.

Plaintiff asserts a state law cause of action for which there exists no federal jurisdiction. (*see*, Plaintiff's Motion to Remand – incorporated by reference). (Doc. Nos. 10, 19 & 24). Separately, for Defendants' above-referenced failure to comply with appropriate notice to the state court of post-removal and for federally docketed consent to removal, remand should be granted on those alternative bases.

If this Honorable Court denies Plaintiff's Motion to Remand or otherwise denies Plaintiff's here requested remand secondary to Defendants' removal defects, then this Honorable Court must by necessary implication find that Plaintiff's claim is barred by the six-month statute of limitations attendant to the LMRA (i.e., by necessarily finding Plaintiff's claim is a "hybrid" claim – denied).

Towards the above alternate end (i.e., LMRA preemption), Plaintiff responds to Defendants' Motions to Dismiss with Requests for Sanctions:

**II.     Standard upon Motion to Dismiss**

    A.     <u>Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*[1]</u>

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in <u>Twombly</u> and <u>Iqbal</u> (in accord with <u>Phillips</u>) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPML Shadyside</u> - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1955 (2009)); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (C.A.3 2008).

<u>Fowler</u> reiterated the appropriate Motion to Dismiss standard, as elucidated in <u>Phillips</u>, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, <u>under **any** reasonable reading of the Complaint</u>, the plaintiff *may* be entitled to relief."  <u>Fowler</u>, supra (quoting <u>Phillips</u>, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[2]  <u>Fowler</u> (citing <u>Twombly</u>, at 564, n.8).

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

[2] Mr. Sharp:     It's a conclusory fact.

    Justice Breyer: Well, it's a fact.  They sat in their view --

    Mr. Sharp:     It's a conclusion.

    Justice Breyer: All right.  I don't know what a conclusory fact is as opposed
                    to a regular fact.

<u>Dart Cherokee Basin Operating Co. v. Owens</u>, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

B. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); Estate of Frank P. Lagano v. Bergen County Prosecutor's Office, No. 13-3232 (C.A.3. 2014) (citing Alston v. Parker, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Lorenz, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies.  Davis v. Abington Memorial Hospital, 765 F.3d 236, 244-245 (C.A.3 2014) (citing Krantz v. Prudential Investments Fund Management, LLC, 144 F.3d 140, 144 (C.A.3 2002).

C. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise.  Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v.

Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court.  Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

  D. Scope of Review

Only a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997).  "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited."  Schmidt v. Skolas, No. 13-3750 (C.A.3. October 17, 2014) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (C.A.1 1993)).

  Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendants' Motions should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.  This state law claim should be remanded.

**III.** **Argument**

  A. Motions to Dismiss

Incorporating by reference Plaintiff's Motion to Remand, Plaintiff respectfully suggests Defendants' Motions to Dismiss should be denied as this is not an action arising under the LMRA and there is no federal preemption.

Defendants' claim that this action is preempted by the LMRA and thus statute of limitations barred.  However, Defendants' do not specifically argue why this action is an LMRA claim disguised as a state law wrongful termination action – waived.

Towards the LMRA, Plaintiff's Amended Complaint does not claim any specific provision of the CBA violated; indeed, neither do Defendants'.  Plaintiff simply claims he was terminated secondary to his political actions – public policy precluded. Shick v. Shirey, 716 A.2d 1231.

To wit, if this Honorable Court were to now allow Defendants' to supplement their motions with the CBA to address a contractual provision(s) defense presumed violated (objected), Defendants' motion should be converted to one for summary judgment as above-discussed (*see*, Standard): with Defendants' Motions to Dismiss being denied with thereafter notice of such conversion and Defendants being required to comply with FRCP 56 and this Court's Practice and Procedures towards summary judgment re-filing.

Towards summary judgment, it is notable that the statute of limitations is an affirmative defense – if not raised then waived.

Plaintiff brings this action to address a public policy concern secondary to his wrongful termination for his political activities.  In the alternative, as referenced in Plaintiff's Motion to Remand's Reply Brief, if this Honorable Court entertains holding otherwise, the Equal Protection Clause(s) of both the Pennsylvania and United States Constitutions are separately preclusive.

In sum, merely because Plaintiff has pleaded an action against both his union and employer does not render this action a "hybrid" LMRA claim nor prempted (thus, not statute of limitation barred). *See generally*, Figueros v. Commisioner Helen D. Foster, No. 16-1856 (C.A.2 July 25, 2017).

B.    Sanctions

The standard for 28 U.S.C. § 1927 sanctions is: subjective; willful; bad faith. Baker Industries, Inc. v. Cerberus Limited, 764 F.2d 204 (C.A.3 1985).

LR sanctions may not be imposed absent an otherwise available recourse – which is evidently available by Teamsters' Rule 11 motion and UPS' § 1927 request – and is nonetheless not appropriate.

There is no evidence of subjective willful bad faith.  On the contrary, at all times Plaintiff has been forthright with Defendants that Plaintiff's claim is barred if this Honorable Court holds LMRA preemption.

Plaintiff has been unable to find a party or counsel sanctioned for pursuing a legal theory expressly reserved by the Third Circuit for ultimate adjudication which has otherwise been state-law precedentially accepted (outside of Pennsylvania) wherein Plaintiff alternatively candidly alternatively admits statute of limitations bar.  Such sanctions are unavailable and should not be entertained.

To wit, in lieu of intellectually responding to Plaintiff's arguments (such as, Plaintiff's Motion to Remand Reply's Equal Protection argument – still un-responded and cannot be responded by instant Reply), Defendants' seek to bully Plaintiff and his counsel into withdrawing an otherwise plausible claim.

Pursuant to FRCP 11(b)(2), legal contentions warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing the existing law or for establishing new law is expressly allowed.

In evaluating Rule 11 sanctions, the District Court must determine whether the party's and attorney's conduct were objectively reasonable under the circumstances. *See*, <u>Ario v. Underwriting Members of Syndicate 53, et al.</u> 618 F.3d 277, 297 (C.A. 3 2010). Sanctions under Rule 11 are to be applied only in the "exceptional circumstance" where a claim or motion is "patently unmeritorious or frivolous". <u>Doering v. Union County Board of Chosen Freeholders</u>, 857 F.2d 191, 194 (C.A.3 1988).

A Court should not impose Rule 11 sanctions so as to chill creativity or stifle enthusiasm or advocacy. <u>New Life Home Care, Inc. v. Blue Cross of NE. Pa.</u>., 2008 U.S. Dist. LEXIS 12527, 2008 WL 534472, *2 (M.D. Pa. February 20, 2008).

"A sanction imposed under this Rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated…." FRCP 11(c)(4).

"Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a Motion to Dismiss …" 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 1336 (2 Ed. Supp. 2003); *see also*, <u>Blue v. United States Department of the Army</u>, 914 F.2d 525, 535 (C.A. 4 1990), *cert. denied sub nom.*, <u>Chambers v. United States Department of the Army</u>, 499 U.S. 959 (1991) ("claims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motions … as a general matter, dismissal of a frivolous …case on the merits should be the first option, whereas imposition of sanctions should be a matter of last resort.").

Other than making a generalized claim that Plaintiff's wrongful termination cause is not plausible and federally preempted (which is vigorously denied by Plaintiff), Defendants' evidence nothing.  Other than boldly calling Plaintiff's claim frivolous (and perhaps the path here roundabout – but expressly allowed, necessary, and, indeed, defense here removed), Defendants did not give particularized notice of that which is specifically sanctionable i.e., known false (except over-broadly claiming: the action), the precise sanction sought, nor arguments why lesser sanctions would be inappropriate.

Plaintiff has presented an intellectual argument backed by precedential authority which is disagreed notwithstanding expressly reserved for adjudication by the Third Circuit – this is not sanctionable.

However, if this Honorable Court entertains sanctions, Plaintiff and his counsel respectfully request a sanctions hearing bifurcated into: whether sanctions should be assessed; and what those sanctions should be.  If, Plaintiff's undersigned counsel requests all sanctions be directed against him and not Plaintiff nor Co-Counsel.

WHEREFORE, Plaintiff respectfully requests this Honorable Court remand the instant action and deny Defendants' Motions to Dismiss with Requests for Sanctions.

                                              **WEISBERG LAW**

                                <u>/s/ Matthew B. Weisberg</u>
                                Matthew B. Weisberg, Esquire
                                Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.: 17-2331 |
| | : | |
| vi. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

     I, Matthew B. Weisberg, Esquire, hereby certify that on this 27th day of July, 2017, a true and correct copy of the foregoing Plaintiff's Omnibus Response in Opposition to Defendants' Motions to Dismiss with Request for Sanctions and Memorandum of Law in Support thereof was served via ECF, upon the following parties:

Gary M. Tocci, Esquire
Reed Smith, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

Molly Q. Campbell, Esq.
Reed Smith, LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005

Lisa Leshinski, Esq.
Neal Goldstein, Esq.
Freedman and Lorry, P.C.
1601 Market Street, Second Floor
Philadelphia, PA 19103

                            **WEISBERG LAW**

                            <u>/s/ Matthew B. Weisberg</u>
                            Matthew B. Weisberg, Esquire
                            Attorney for Plaintiff