UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT CURRY** | |
| Plaintiff, | Civil Action No. 17-2331 |
| vs. | |
| **UNITED PARCEL SERVICE, INC** | |
| AND | |
| **TEAMSTERS LOCAL 623** | |
| Defendants, | |

## REPLY TO PLAINTIFF'S OPPOSITION TO
## LOCAL 623's MOTION TO DISMISS

Robert Curry, by and through his attorney Matthew Weisberg, Esq, continues to advance the fiction that he does not bring a Section 301 suit against Curry's former employer United Parcel Service ("UPS") and Curry's former union, Teamsters Local 623 ("Local 623"). He does this because, as he readily admits, if this is a Section 301 case then it is untimely and must be dismissed. Consequently, he styles count 1 as "wrongful discharge." But if it walks like a duck and it talks like a duck, it is a duck – even if I tell you that it is a completely different animal.

A plaintiff in a Section 301 case must prove that his employer breached the CBA (in this case the alleged breach is a breach of the "just cause" provision for discipline) and the union breached its duty of fair representation to its members. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983). The Supreme Court has said that a plaintiff in a 301 case need not sue both the employer and the union, that he "may, if he chooses, sue one defendant

and not the other; but the case he must prove is the same whether he sues one, the other, or both." Vadino v. A. Valey Engineers, 903 F.2d 253,260 (3d Cir. l990).

In his amended complaint Curry claims that UPS breached the CBA (specifically the section of the CBA which provides that an employee may only be terminated for "just cause"). Curry alleges:

¶ 70 – There is a CBA between UPS and Local 623
¶ 71 – Plaintiff is covered by the CBA and is not an at-will employee
¶ 72 – Plaintiff could only be terminated for cause
¶ 73 – The Defendants fired the Plaintiff
¶ 75 – Defendants did not have just and/or proper cause to discharge Plaintiff.

Between Curry I and Curry II, Curry transparently dropped the allegation that Local 623 breached its duty to represent Curry, presumably to make his case look less like a 301 case. He attempts to do this because section 301 of the LMRA confers subject matter-jurisdiction to federal courts over suits alleging violations of a collective bargaining agreement, *which is exactly what this is.* Curry II now claims that both UPS and Local 623 terminated him. This notion is ludicrous. As Local 623 has previously explained to the Court, to which Curry has never responded, Local 623 has no authority to hire or fire employees, including Curry. Local 623 is a labor organization as defined in the National Labor Relations Act, in which "employees participate and which exists for the purpose ... of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C. § 152(5). Typically a plaintiff claims in a 301 case, as Curry did in Curry I, that the Union violated its duty of fair representation.

Despite the fact that Curry now claims that Local 623 fired him, this is still a 301 case as it alleges a breach of the just cause provision of the collective bargaining agreement. Curry claims that instead of being a Section 301 case that this is a state-law wrongful termination case. This is despite the fact that there is no cause of action available to a unionized employee in Pennsylvania for wrongful termination. The case law is voluminous on this notion.
2

It is against this back drop that the Plaintiff makes the following assertions in response to Local 623's Motion to Dismiss. First, he claims that there are defects in the removal, which require remand. Second, the Plaintiff argues that he should be permitted to amend whatever defects exist in the complaint. Third, he argues that the Court should decline to exercise supplemental jurisdiction over any state law claims and remand the case. Finally, Plaintiff argues that the Defendant failed to explain what conduct should be sanctioned, and therefore the motion for sanctions should be denied. For the following reasons, these assertions should be rejected and the motion dismiss granted and the motion for sanctions should be granted.

**I.   No Procedural Defects in Removal**

There is no procedural defect in Local 623's removal of Curry's case from the Court of Common Pleas to this court.[1] On May 23, 2017, Local 623 filed with the district court clerk a Notice of Removal of Curry's case. At 12:24 pm that same day, Local 623 e-filed a copy of the removal papers, which had been filed with the district court, with the Philadelphia Court of Common Pleas prothonotary (CCP docket report appended as Exhibit A). A copy of the removal papers were mailed served on the defendant. Under 28 U.S.C. § 1446(d) the state court shall proceed no further unless and until the case is remanded. The CCP acknowledged the removal in the records receipt that it mailed to the parties on June 23, 2017.

There is also no issue with the consent to removal. As the Court knows, Co-defendant UPS filed ECF 4 in this case on May 23, 2017, stating, "Defendant United Parcel Service, Inc., through its undersigned counsel, hereby gives notice to the Court that it consents to and joins in the Notice of Removal filed in the above captioned case."

---

[1] Plaintiff presented no evidence of this alleged defect. It was just another shot in the dark to which Local 623 is forced to respond.

## II. Amendment would be futile and should therefore be denied.

Curry contends that he should be permitted to amend, as the opportunity to amend should be freely given pursuant to Fed. R.Civ P. 15(a)(2). While this is generally true, Curry has already amended the complaint once in Curry II and twice in Curry I. Moreover, amendment should not be permitted when it is a mere exercise in futility. Here, there is no amendment that brings this case within the 6-month statute of limitations in 301 suits. The plaintiff admits it is untimely. Amendment is properly denied in the face of the futility of the amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Foman v. Davis, 371 U.S. 178, 182, (1962); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

## III. Supplemental jurisdiction argument fails.

Again, Curry claims that the employer and union breached the just cause provision of the collective bargaining agreement by terminating Curry. Such a case is completely preempted; the federal district courts have original jurisdiction in such cases.

Under 28 U.S.C. § 1367(a) a Court also has the authority to dismiss all claims of the plaintiff when they are part of the same controversy. To the extent that Curry argues wrongful termination under Pennsylvania law, even though this is clearly a 301 case because it centers on a breach of a collective bargaining agreement, Local 623 asks the Court to rule that Curry's case is untimely and fails to state a cognizable claim under Pennsylvania state law.[2]

---

[2] It is perplexing why Curry is desperate to remand this case to state court, since his claim fails in state court also.

**IV.     Sanctions are proper.**

The Court should sanction Attorney Weisberg in this case. He signed the pleadings on behalf of his client for an untimely case. When he realized that the case was untimely, he changed nothing about his complaint (which in Curry I he admitted was a Section 301 case) but instead filed a nearly identical complaint in state court but instead called it wrongful termination under the collective bargaining agreement. .

Attorney Weisberg continues to call this a "plausible" claim. Perhaps in order to convince the Court that he should not be sanctioned, Attorney Weisberg started to argue part-way through the litigation that the law should be amended or reversed. This is pure nonsense. Attorney Weisberg has presented no reasons why the law should be changed, except perhaps his equal protection argument, which as Local 623 explained in its motion to dismiss, has already been considered and rejected in the context of Section 301. ECF 21-1 at 14. An attorney should have a basic familiarity of the law before he writes up pleadings and files a complaint in court. Local 623 has relatively limited resources, as a membership-financed organization, and it has spent nearly a year defending itself in this frivolous case.

**V. Conclusion**

For the reasons set forth above, Defendant Local 623 respectfully submits that Plaintiff's Complaint must be dismissed WITH PREJUDICE in its entirety, and sanctions assessed against

Attorney Weisberg including all of Local 623's attorney fees and costs.

                                                            Respectfully submitted,

                                                            FREEDMAN AND LORRY, P.C.

Date:  <u>August 3, 2017</u>                       <u>/S/ Lisa Leshinski</u>
                                                            LISA LESHINSKI
                                                            PA Attorney I.D. No. 201159
                                                           1601 Market Street, Suite 1500
                                                           Philadelphia, PA  19103
                                                           (215) 931-2557

                                                           Attorneys for Defendant International
                                                           Brotherhood of Teamsters, Local 623

# CERTIFICATE OF SERVICE

I hereby state that the foregoing Reply in Support of Motion to Dismiss was served via ECF system upon the following parties on the date indicated below:

Matthew Weisberg, Esq.
Weisberg Law
7 South Morton Avenue
Morton, Pennsylvania 19070

Gary M. Tocci, Esq.
Molly Q. Campbell, Esq.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Counsel for UPS

                                           /s/ Lisa C. Leshinski
                                           LISA C. LESHINSKI, ESQUIRE

                                           Attorney for Defendant International
                                           Brotherhood of Teamsters, Local 623

Dated: August 3, 2017