IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>           *Plaintiff,*<br><br>      v.<br><br>UNITED PARCEL SERVICE, INC. and TEAMSTERS LOCAL 623,<br><br>           *Defendants.* | CIVIL ACTION<br>NO. 17-2331 |

## ORDER

**AND NOW**, this 7th day of August, 2017 it is hereby **ORDERED** that:

1.     Defendant Teamsters Local 623's Motion for Sanction Pursuant to Federal Rule of Civil Procedure 11, (ECF No. 22), is **DENIED in part**, with respect to the Defendant's request for Sanctions under Federal Rule of Civil Procedure 11.[1]

2.     A hearing will be held **August 16, 2017 at 2:00 p.m.** at the United States Courthouse, 601 Market Street, Philadelphia, PA 19106 in a courtroom to be determined, at which Plaintiff's counsel is **ORDERED TO SHOW CAUSE** why the Court should not award the Defendants' costs, expenses, and attorneys' fees pursuant

---

[1]     Federal Rule of Civil Procedure 11 includes a "safe-harbor" provision, which requires a party to serve a motion for sanctions on an opposing party 21-days before filing the motion with the Court. FED. R. CIV. P. 11(c)(2). As indicated by its Safe Harbor Certificate, (ECF No. 22-3), the Defendant's requested relief under Rule 11 goes to the Plaintiff's filing of the Complaint in state court. *See* (Rule 11 Safe Harbor Certificate, ECF No. 22-3).  The Court will not sanction a party under Rule 11 for a state-court filing. *Cf., e.g., Dieffenbach v. Cigna Corp.*, No. 07-3685, 2007 WL 4275502, at *5 (E.D. Pa. Dec. 4, 2007).  While Rule 11(b) includes "later advocating" filings, which conceivably could cover a complaint removed from state court, *cf. Meyer v. U.S. Bank Nat'l Ass'n*, 792 F.3d 923, 928 (8th Cir. 2015), Plaintiff's counsel had not "later advocat[ed]" the state court Complaint at the time Defendant Teamsters filed the Safe Harbor Certificate.

1

to 28 U.S.C. § 1927.[2]

Plaintiff's counsel shall be prepared to address his filing of an Amended Complaint, (ECF No. 16), which sought relief under the same cause of action as the original Complaint, yet alleged that the Court lacked subject-matter jurisdiction, and show cause why that filing was not made in bad faith with an intent to delay the proceedings before this Court.

The Court will consider awarding the Defendants' costs, expenses, and reasonable attorneys' fees against the Plaintiff as a result of the filing of the Amended Complaint.

3.     The Court will also hold oral argument on **August 16, 2017** on the Plaintiff's Motion to Remand, (ECF No. 10), and the Defendants Motions to Dismiss, (ECF Nos. 20 & 21).

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

---

[2]     28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.