UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT CURRY | : | |
| --- | --- | --- |
| Plaintiff, | : | NO.: 17-2331 |
| v. | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2017, upon consideration of Defendants' Motions for Attorney's Fees, and Plaintiff's Counsel's Omnibus Response thereto, it is hereby ORDERED and DECREED that Defendants' Motions are DENIED.

**AND IT IS SO ORDERED.**

_____
The Honorable Gerald J. Pappert     ,J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.: 17-2331 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S COUNSEL'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES RE: SANCTION**

Incorporating by reference Plaintiff's counsel attached Memorandum of Law, counsel respectfully requests this Honorable Court deny Defendants' Motions for Attorney's Fees.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

| | | | |
|---|---|---|---|
| ROBERT CURRY | : | | |
| | : | | |
| Plaintiff, | : | NO.: | 17-2331 |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COUNSEL'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES RE: SANCTION

**I.      Operative Procedural Posture and Facts**

On August 7, 2017 (Doc. No. 31), this Honorable Court denied Teamsters' Motion for Sanctions pursuant to FRCP 11 and in balance Ordered Plaintiff's counsel ("Counsel") to show cause why the Court should not sanction counsel pursuant to 28 U.S.C. § 1927.

Therein the above Order, the Court decreed:

> Plaintiff's counsel shall be prepared to address the filing of an Amended Complaint, (ECF No. 16), which sought relief under the same cause of action as the original Complaint, yet alleged that the Court lacked subject matter jurisdiction, and show cause why that filing was not made in bad faith with an intent to delay the proceedings before this Court.

> The Court will consider awarding the Defendants' costs, expenses, and reasonable attorneys' fees … *as a result of the filing of the Amended Complaint*.  (emphasis added).

On August 16, 2017, the Court held oral argument upon the aforesaid sanctions request, Plaintiff's Motion to Remand, and Defendants' Motions to Dismiss.

By Order dated August 30, 2017 (No. 37), Defendants' were granted leave to file their fee petitions by September 14, 2017.

On September 14, 2017, Defendants' filed in part their fee petitions (Nos. 38 & 39): Defendants' somehow supplementing/modifying same thereafter the deadline, on September 15, 2017. *See*, docket.

Counsel respectfully here omnibus responds in opposition to Defendants' fee petitions:

## II. Defendants' Motions Should Be Denied As Defective

Despite this Honorable Court granting Defendants' leave to file their fee petitions within about 15 days from the Court's Order (with Counsel being provided approximately seven days thereafter to here respond), Defendants' untimely modified their fee petitions'.

Pursuant to LR 7.1, motions are to be complete and accompanied by a proposed order; motion; and memorandum of law – containing the entirety of the submission.

Substantively, both motions' lack requisite supporting affidavits by independent counsel. *See generally*, Student Pub. Interest Research Group of N.J., Inc. v. AT&T Bell Lab., 842 F.2d 1436, 1447-50 (C.A.3 1988); Walker, *infra*.

Both Defendants' motions are defective: and should be denied.

## III. Defendants' Motions Should Be Denied As Too Over-Reaching

On September 6, 2017 (Docket No. 671), the Honorable Matthew Brann disallowed there Plaintiff's attorney's fees in that matter as attempted "highway robbery" – and referred that Plaintiff's counsel for disciplinary proceedings. Young v. Pleasant Valley School Dist., Civ.A.No. 07-854 (M.D.Pa.).

Instantly, in kind, Defendants' request combined attorney's fees and costs totaling: $32,989.60.

At oral argument, both Defendants' argued in support of their respective requests' for sanctions that Defendants' counsel effectively had to duplicate their efforts *four times* (e.g.,

Curry I & Curry II).  To that end, Defendants' did not seek to "bring down" their prior Motions to Dismiss or join each other's; respectively – instead now effectively seeking to "hold up" counsel for the above amount.

It cannot plausibly be accepted that Defendants' charges are in any way reasonable.

Towards the above end, this instant Court in imposing sanctions (No. 61) charged there Plaintiff's counsel for Defendants' attorney's fees and costs *for extensive litigation* – as compared to instantly: in approximately the same amount as Defendants' instantly request for comparably far less efforts. Hawthorne v. Mun. of Norristown, Civ. A. No. 15-1572 (E.D.Pa. April 29, 2016).

Having already been held sanctioned, instant counsel respectfully suggests Defendants' requested fees should be denied in their entirety.

## IV. Attorney's Fees Are Not Warranted

Though this Honorable Court invited Defendants' to submit their fee petitions, those requests to this Court should be denied.

Under § 1927, "… Courts, however, should be cautious in awarding counsel fees for fear of chilling the [litigants] exercise of constitutional rights." Hicks v. Arthur, 891 F. Supp. 213, 214 (E.D.Pa. 1995) (citing Kutska v. California State College, 564 F.2d 108, 110 (C.A.3 1977) (other citations omitted)).

In Loftus v. SEPTA, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998), a*ff'd*, 187 F.3d 626 (C.A. 3 1999), the Court determined that counsel pursued a case in bad faith.  But, the Court explained equities must be balanced and that a Court should not just automatically grant attorney's fees requested – explaining in pertinent part:

> "Once a finding of bad faith has been made, the appropriateness of assessing attorney's fees against counsel under § 1927 is a matter for the district court's discretion'". Ford v. Temple Hospital, 790 F.2d 342, 347 (C.A. 3 1986). 'To properly exercise this discretion, the district court must balance the equities between the parties' by looking to mitigating factors and the circumstances surrounding the case. Id. "The court "… may award attorney's fees whenever overriding circumstances indicate the need for such a recovery." Id. On the other hand, the court may choose not to award attorney's fees or may reduce the attorneys fees awarded if, in balancing the equities, the court determines that the interest of justice would be better served by such action. Id., at 347 n.6. Id, at 463.

Instant Counsel has been sanctioned – a forever permanent mark (which will no doubtedly be used against Counsel in unrelated matters at every turn). Counsel has no history of Rule 11 nor § 1927 finally imposed sanctions. Counsel's oral argument and otherwise instant sanctions related experience before this Court has been emotionally terribly long-term upsetting, humiliating, and has haunted and devastated counsel to this filing (and will likely ongoing). Further, this Court's sanctions memorandum and Order will remain an internet and otherwise public ignominy – for clients, prospective clients, referral counsel, colleagues, judges, opposing counsel, and otherwise for the world to see: forever.

Noting that the purpose of sanctions is deterrence and not compensation nor punitive (i.e., indeed, the least necessary sanctions should be employed: including a public rebuke or even published opinion – both here already occurred), counsel notes his office is in Morton, Pennsylvania – a very small law firm with modest net revenue. The amount of requested sanctions sought will economically bury counsel – who focuses pertinently in large part on low value, single-Plaintiff, indigent or poor clients' consumer and civil rights work.

Counsel respectfully requests this Honorable Court deny Defendants' request for attorney's fees and costs.

**V.     Alternatively, Lodestar**

Alternatively to this Court denying Defendants' fee/cost-shifting, if this Court deems same otherwise appropriate then the monetary sanction should be considerably reduced from that which was requested.

Contrary to this Court's Order vis-à-vis the underlying Order to show cause and the Order for sanctions, and inconsistent with the United States Supreme Court's recent holding, Defendants' requests' time-entries are not causally attendant to the sanctioned conduct and/or are duplicative, excessive and not reasonable and necessary, especially in light of Defendants' work already performed. Goodyear Tire & Rubber Co. v. Haeger, 137 S.Ct. 1178 (April 18, 2017).

In brief non-exhaustive example:

A.     UPS

- Three (3) billing counsel
- Response to Motion to Remand
- Editing, strategizing, revisions, and preparations
- Client and opposing counsel communications

B.     Teamsters

- Enhanced fees
- Motion to Remand
- Prohibited block-billing (Walker v. Gruver, 2013 WL 5947623 (M.D.Pa. Nov. 5, 2013)).
- Motion for Rule 11 Sanctions (denied)
- Client and opposing counsel communications

These and other prohibited time-entries should be excluded.

The starting point for a Court's determination of reasonable attorney's fees is the Lodestar calculation. Hensley v. Eckerhart, 461 U.S. 424, 433. The Lodestar is the product of the number of hours reasonably expended y litigation, and the reasonable hourly rate. Id.

Nevertheless, a Court may adjust this figure upward or downward when the Lodestar is unreasonable. Id., at 434.

The petition must produce evidence that the hours spent and rate charge are *reasonable*. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (C.A. 3 1990).

The District Court enjoys a substantial discretion to make downward adjustments to the Lodestar. Bell v. United Princeton Props., Inc., 884 F.2d 713, 720 (C.A. 3 1989).

The first step in the Lodestar calculation is the determination of whether the claimed hourly rates are reasonable. Maldonado v. Houstoun , 256 F.3d 181, 184 (C.A. 3 2001). Fee/cost movants bear the burden of proving their hourly rates are reasonable.

Defendants' having strenuously argued their instant efforts were duplicative of their prior efforts, and having produced no independent affidavits in support of their hourly rate, Counsel respectfully alternatively suggests a considerable downward adjustment of the hourly rate should be granted Counsel – i.e., same efforts could have been done by much junior counsel.

The second step in the Lodestar calculation is the determination of the number of hours reasonably expended. Maldonado, *supra*. In making this determination, the Court begins with the claimed hours for which the applicant has evidentiary support, and then makes deductions.

"In calculating the hours reasonably expended, a Court should 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"

Maldonado, 256 F.3d at 184 (quoting Pub. Inc. Research Grp. of N.J., Inc. v. Windall 51 F.3d 1179, 1188 (C.A. 3 1995); *see also*, Rode v. Dellarciprete, 892 F.2d 1177, 1183 (C.A.3 1990).

The Court may also deduct hours from the fee award if the attorney did not adequately (contemporaneously) document the hours claimed in the petition. Rode, at 1183 (citing Hensley, at 433).

Teamsters' "CLS survey" is unreliable. *See generally*, E.C. v. Sch. Dist. of Philadelphia, No. 13-6047, 2015 WL 921560, at *4 (E..D. Pa. March 4, 2015) (rejecting the CLS survey); Mitchell v. City of Philadelphia, No. 99-6306, 2010 WL 1370863, at *5 (E.D. Pa. April 5, 2010) (rejecting the CLS survey); and *see generally*, Evans v. Philadelphia Hous. Auth., No. 93-5547, 1995 WL 154872 (E.D. Pa. March 31, 1995), *aff'd sub nom.,* Smith v. Philadelphia Hous. Auth., 79 F.3d 1139 (C.A. 3 1996).

Contrary to the Third Circuit's instruction to determine rates based on specialized skill and knowledge, the CLS survey establishes a single schedule of rates for litigation involving a variety of matters.

In Evans, *supra,* the Eastern District explained as follows:

> Basically, CLS asks various law firms in Philadelphia what their rates are for lawyers with various years of experience. It pulls large firms, mid-sized firms and small firms, including solo practitioners. Although CLS omits from its survey firm somewhat **as hysterically** specializing in major class-action securities and any trust work, and makes no other exclusions.
>
> CLS uses lawyers as fungible. That is, a lawyer of 50 years of experience is a lawyer with 15 years of experience. Period.

An unverified CLS survey, without any foundation, cannot be relied upon to determine an award of fees.

In the alternative to denying Counsel's instant request to deny Defendants' motions in their entirety, Respondent respectfully suggests neither the hourly rate nor time-entries should be awarded as proffered. To that end, Defendants' requests are not founded, proportionate, related, reasonable nor necessary – especially for work claimed Defendants' themselves did already (e.g., three prior times).

## VII. Conclusion

Wherefore, Counsel-Respondent respectfully requests this Honorable Court deny Defendants' motions for fees/costs. In the alternative, Respondent requests an accurate Lodestar with a significant downward departure.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY | : |
| | : |
| Plaintiff, | : NO.: 17-2331 |
| | : |
| vi. | : |
| | : |
| UNITED PARCEL SERVICE, INC., et al. | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 18th day of September, 2017, a true and correct copy of the foregoing Plaintiff's Counsel's Omnibus Response in Opposition to Defendants' Motions for Attorney's Fees Re: Sanction and Memorandum of Law in Support thereof was served via ECF, upon the following parties:

Gary M. Tocci, Esquire
Reed Smith, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

Molly Q. Campbell, Esq.
Reed Smith, LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005

Lisa Leshinski, Esq.
Neal Goldstein, Esq.
Freedman and Lorry, P.C.
1601 Market Street, Second Floor
Philadelphia, PA 19103

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff