UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**ROBERT CURRY**

                Plaintiff,

      vs.

**UNITED PARCEL SERVICE, INC**

          AND

**TEAMSTERS LOCAL 623**

                Defendants,
_____

Civil Action No. 17-2331

**DEFENDANT TEAMSTERS LOCAL 623'S REPLY TO PLAINTIFF'S OPPOSITION TO LOCAL 623'S MOTION FOR SANCTIONS AND FEE PETITION**

Defendant Teamsters Local 623 ("Local 623") submits this memorandum of law in reply to Robert Curry's opposition to Local 623's fee petition, and also in support of Local 623's fee petition.

**ARGUMENT**

   **I.   TIMELINESS**

Local 623's fee petition was docketed on September 14, 2017. See ECF 39. There is no issue with timeliness.

   **II.   DOCUMENTATION**

In further support of its fee petition, attached as **Exhibit I** is Counsel Lisa Leshinski's affidavit in support. This same information was provided by Local 623 at the time that it submitted to the Court the hours that Local 623 spent in defending the Union subsequent to Curry's first amended complaint. See

ECF 39 at 3-4. Exhibit I is a signed declaration in support. ECF 39 was also signed and submitted by Attorney Leshinski.

### III. SPECIFIC OBJECTIONS BY ATTORNEY WEISBERG

Attorney Weisberg states that Defendants' fee petitions are "highway robbery." He claims that the co-defendants should have filed jointly or joined in each other's motions in order to cut costs. He provides no authority to support this notion.

Attorney Weisberg also argues that because the Plaintiff's complaints are essentially the same, that the defendants should not have required as much attorney time to respond. In response, Local 623 observes that on and after July 3, 2017, there were two amendments to the complaint filed, a motion to dismiss filed by each defendant, reply by the plaintiff, and a reply by each defendant. There was also a motion for sanctions. Thereafter, there was oral argument and time spent drafting the fee petition. Throughout this process, the plaintiff made arguments in support of his position, cited different cases, which had to be reviewed and addressed, and sought additional time to respond. If Attorney Weisberg had not so multiplied the litigation, there would have been fewer attorney hours spent by Local 623 in this case.

Attorney Weisberg further submits that a fee award might "chill" litigants in the exercise of their rights. Local 623 submits that if a fee award will cause Attorney Weisberg to think twice before unreasonably and vexatiously multiplying the proceedings, then it is warranted. In this case, Attorney Weisberg again filed the July 3, 2017, amended complaint under an expired statute of limitations, and then did everything that he could to delay a resolution of the matter, which he admitted at oral argument.

Attorney Weisberg objects to the time that Local 623 spent drafting its motion for sanctions, as he claims that the Rule 11 sanctions were denied. Notwithstanding that much of the motion for sanctions was drafted prior to July 3, 2017 and this time was not submitted to the Court, Local 623's motion for

sanctions (ECF 22) was for sanctions under Rule 11, 28 U.S.C. § 1927, and Local Civil Rule 83.6.1. Given that the Court had seen fit to consider sanctions under 28 U.S.C. § 1927, and while Local 623 could have sent another Safe Harbor letter, it did not seem to be a good use of time to do so. The sanctions are not multiplied if ordered under Rule 11 *and* 28 U.S.C. § 1927. Therefore it is irrelevant that the motion for sanctions was denied in part as to Rule 11.

Attorney Weisberg also objects to what he characterizes as block billing. The description provided to the client and to the Court by the undersigned is reasonably particular regarding the nature and the necessity of the legal services performed, such as "drafted reply in support of motion to dismiss." This objection by Attorney Weisberg has no merit. "For example, a fee petition with the phrase 'miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.3 hours' contains adequate specificity." McGuffey v. Brink's, Inc., 598 F. Supp. 2d 659, 671 (E.D. Pa. 2009).

If Attorney Weisberg had a specific objection to the amount of time expended in any particular way, he failed to explain that to the Court or the defendants.

Finally, if Attorney Weisberg believes that the attorney rates submitted by the defendants are excessive, he should have submitted specific evidence disputing them.

In support of the CLS schedule appended to ECF 39, see Hawthorne v. Municipality of Norristown, No. CV 15-01572, 2016 WL 1720501, at *5 (E.D. Pa. Apr. 29, 2016) ("fee schedule established by CLS…'approvingly cited by the Third Circuit'"); Harris v. Paige, No. CIV.A. 08-2126, 2013 WL 4718949, at *4 (E.D. Pa. Sept. 3, 2013)("…the Third Circuit and several courts in this District, have turned to the Philadelphia Community Legal Services' fee schedule ("CLS Fee Schedule") for guidance. It "has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia").

**IV.  CONCLUSION**

Local 623 respectfully requests that this court grants its request for attorney fees to be paid by Robert Curry's counsel, Matthew Weisberg.

                                          Respectfully submitted,

                                          /S/ Lisa Leshinski
                                        LISA LESHINSKI

                                        Attorneys for Defendant International Brotherhood
                                        of Teamsters, Local 623

Dated:  September 25, 2017

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**ROBERT CURRY**

    Plaintiff,

  vs.

**UNITED PARCEL SERVICE, INC**

  AND

**TEAMSTERS LOCAL 623**

    Defendants,
_____

Civil Action No. 17-2331

### DECLARATION OF LISA LESHINSKI IN SUPPORT OF TEAMSTERS LOCAL 623'S PETITION FOR ATTORNEYS' FEES

I, Lisa Leshinski, state as follows:

1. I make the following Declaration on behalf of Teamsters Local 623, in further support of Local 623's motion for sanctions, seeking attorneys' fees from Attorney Matthew Weisberg. I do not intend to waive any applicable privileges.

2. I am licensed to practice law in Pennsylvania and New Jersey, before the United States District Courts for the Eastern District of Pennsylvania and District of New Jersey, and the United States Courts of Appeals for the Third Circuit and the D.C. Circuit.

3. I am an associate with Freedman and Lorry, P.C. I graduated from the University of North Carolina at Chapel Hill (B.A., 1991), and Rutgers University School of Law (J.D., 2005).

4. I have been practicing law for 12 years. I have exclusively practiced union-side labor and employment law for a total of four years with Freedman and Lorry. I have also served as in-house counsel to a labor union for seven years.

5. I have been responsible for defending the Union in this Section 301 case since 2016 (Curry I).

6. The work in this case was performed pursuant to the terms of a retainer agreement with Local 623. Under the agreement, litigation is billed to the Union at a rate of $300 per hour. This is a rate applicable for litigation work.

7. Since the date of the amended complaint in this case, July 3, 2017, 35.10 attorney hours have been spent in defending the local in this case. Local 623 has been billed $10,530 for this legal work.

8. The itemization provided to the court in ECF 39 is substantially similar to the bills for legal work, which were presented to Local 623.

9. Based on my experience, I believe these rates are lower than other attorneys in the Philadelphia area in the field of labor and employment law.

10. I have executed this Declaration in support of Local 623's Petition for Attorney Fees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 25, 2017            *Lisa Leshinski*

                                    LISA LESHINSKI